SADIE B. DAVIS, Appellant, *v.* LEONORE FRANK, Doing Business as LEONORE & Co., Respondent.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Appeal — from judgment dismissing complaint at opening of trial — contracts — damages.
Promises — exchange of — consideration — pleading — contracts.

> Upon an appeal from a judgment dismissing the complaint at the opening of the trial in an action to recover damages for an alleged breach of an oral contract of employment, the complaint must be liberally construed in plaintiff's favor.
> Where the complaint alleged that on or about a certain date plaintiff and defendant " entered into an agreement" wherein and whereby defendant employed plaintiff as a milliner for one year at a stated weekly salary commencing on a certain date and terminating on another, the dismissal of the complaint on the ground of the absence of an allegation of a promise by plaintiff to enter and continue in defendant's employ, that there was a lack of mutuality and, therefore, of consideration for defendant's alleged promise, is reversible error, the complaint in effect alleging that the plaintiff and the defendant " entered into an exchange of promises (agreement);" and mutual promises being alleged there was no lack of consideration.

APPEAL by plaintiff from a judgment of the City Court of the city of New York, dismissing complaint of plaintiff, and from an order in effect denying a motion for a new trial to the same effect.

Henry Feldman, for appellant.

Mayer C. Goldman, for respondent.

PHILBIN, J. The action is to recover damages for an alleged breach of an oral contract of employment. The complaint was dismissed at the opening of the trial before counsel opened to the jury or introduced

any evidence. Thus we have what amounts to an oral demurrer and the complaint is to be construed liberally in the plaintiff's favor.

The pleading was held defective because of the following allegations: " That heretofore and on or about the 31st day of August, 1916, the plaintiff and the defendant entered into an agreement, wherein and whereby the defendant employed the plaintiff as a milliner for a period of one year, at a salary of thirty ($30.00) dollars per week, commencing the 31st day of August, 1916, and terminating the 30th day of August, 1917." The reason assigned for the dismissal of the complaint was that no promise by the plaintiff to enter and continue in the employment was alleged; that there was a lack of mutuality and, therefore, of consideration for the defendant's alleged promise.

It becomes necessary to examine the meaning of the word " agreement " contained in the above quotation. Webster defines " agreement " as " an *exchange* of promises; *mutual* understanding, arrangement, or stipulation." In the case of *Moran* v. *Standard Oil Co.,* 211 N. Y. 187, 197, we find the following pertinent statement by Cardozo, J.: " The very word ' agreement ' connotes a mutual obligation. (*Benedict* v. *Pincus,* 191 N. Y. 377, 383, 384.) There may be a ' promise ' to serve without a promise to employ, but there can be no ' agreement ' for service without mutuality of rights and duties."

In the light of the above we see that the complaint in effect alleges that " the plaintiff and the defendant entered into an exchange of promises (agreement) wherein and whereby." Mutual promises being alleged, there is no lack of consideration.

The conclusion is strengthened when we note that the complaint does not say that the plaintiff agreed with the defendant, for that might possibly mean that

the plaintiff *promised* the defendant — a unilateral undertaking. What the complaint does say is that the plaintiff *and* the defendant entered into an agreement — in other words that both were participants, thus indicating mutuality and reciprocal obligations.

The court below apparently relied upon *Grossman* v. *Schenker,* 206 N. Y. 466, but as I read that case it is an authority in favor of the appellant. Grossman relied upon an oral contract of employment. The allegation that decided the case in his favor was the following: " It was mutually agreed by and between this plaintiff and the said defendant, that the said defendant would pay unto this plaintiff the sum of * * * for such superintendence." p. 467. There was no express promise alleged on the part of the plaintiff to do any work. It was held that a promise to superintend was implied and that the complaint was good. Eliminating the unnecessary word " mutually," it is seen that there is no substantial difference between the allegations in the *Grossman* case and that in the case at bar.

In reading *Sorrentino* v. *Bouchet,* 161 N. Y. Supp. 262, strongly urged by the respondent, I find this statement by Shearn, J., at page 263: " In other words, there are certain cases where, on proof of an agreement between the parties, or such a meeting of the minds as is shown by an offer and its acceptance, a promise to perform a specified work may be implied, and the implied promise to do the work is just as effective as the express one made by the other party to pay." On this appeal we have such a situation as is suggested, and this *Sorrentino* case is in reality an authority in favor of the appellant.

Finally, the admonition of the Court of Appeals in the recent and somewhat similar case of *Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91, should not pass

unheeded: " The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal.''

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.

GUY and DELEHANTY, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.