HUDSON TRADING COMPANY, Respondent, v. AUGUSTO DURAND, Appellant, Impleaded with LA SOCIEDAD PARA LA FUSION DE LA PRENSA Y EL TIEMPO, Defendant.

First Department, December 3, 1920.

Pleadings — action against principal and guarantor to recover for breach of contract of sale and on award made under contract — principal and guarantor properly joined as defendants — complaint — validity of agreement for arbitration — enforcibility of award made under void agreement where defendant took no part in securing award — demurrer not proper remedy where count contains one good cause of action.

In an action for the breach of a contract of sale it was proper to join the purchaser and one who guaranteed the contract in a count for damages for breach of the contract and in a count on an award of an arbitrator who was appointed and acted under the contract, where under the allegations of the complaint the guarantor became liable to the plaintiff as if a party to the contract, although his guaranty and agreement may have been by a separate instrument.

The complaint examined, and *held* to contain sufficient allegations to admit of evidence of the execution by the guarantor of a valid guaranty of performance by the principal and an agreement on his part to become jointly liable for the performance of the contract, as an inducement to the plaintiff to sign the contract, and not subject to demurrer by the guarantor on the ground that it did not state facts sufficient to constitute a cause of action.

The fact that the contract of sale contained a provision that it was to be guaranteed did not require an allegation that the guaranty was executed after the execution of the contract, and under the allegations of the complaint it might be shown that a sufficient guaranty was executed prior to the contract.

The second count of the complaint, in so far as it rests on an award, does not set forth a cause of action for the reason that the agreement for arbitration was void as contravening public policy in that it is too broad and purports to oust the court of any jurisdiction to enforce the contract rights of either party or to grant redress to either party thereunder, and having been executed prior to the enactment of the Arbitration Law was unaffected thereby.

An award made under a void arbitration agreement cannot be enforced where the other party thereto took no part in the award, which was evidently made by an arbitrator selected by the plaintiff to represent it, and, therefore, the defendants cannot be foreclosed from contending that the contract for arbitration was void.

The demurrer to the second count in the complaint which was based on the award cannot be sustained for the reason that it contains all the allega-

tions of the first count which states a good cause of action; the remedy of the defendant guarantor was by a motion to strike from the second count as redundant and irrelevant the allegations of the first count.

PAGE, J., and CLARKE, P. J., dissent in part, with opinion.

APPEAL by the defendant, Augusto Durand, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of July, 1920, overruling his demurrer to the complaint and granting plaintiff's motion for judgment on the pleadings.

*Emil N. Baar* of counsel [*Arthur Watson* with him on the brief]; *Johnson & Galston*, attorneys, for the appellant.

*H. H. Nordlinger* of counsel [*Samuel H. Hofstadter* with him on the brief]; *Nordlinger & Riegelman*, attorneys, for the respondent.

LAUGHLIN, J.:

The complaint contains two counts. In the first it is alleged that on or about the 9th day of May, 1917, plaintiff and the defendant La Sociedad Para La Fusion de la Prensa y El Tiempo, a Peruvian corporation, entered into an agreement in writing, a copy of which is annexed to the complaint, whereby said defendant agreed to purchase from the plaintiff certain news print paper; that the plaintiff duly performed all of the conditions of the contract on its part to be performed and on June 25, July 3 and July 20, 1917, duly made shipments of paper to said defendant in part performance of the contract; that said defendant wrongfully failed, refused and neglected to accept the shipments and to pay for the same in accordance with the terms of the contract but later on accepted the paper, and that by reason of its failure promptly to accept and pay for the paper, plaintiff incurred expenses in the sum of $193.16 and lost interest on the purchase price amounting to the sum of $753.35, no part of which has been paid, excepting the sum of $721.28; that said defendant thereafter and on the 6th day of August, 1917, and subsequently thereto, wholly repudiated the contract and requested and directed the plaintiff to make no further shipment thereunder; that at the time of such repudiation, plaintiff was ready, willing and able to complete

performance of the contract and that it has suffered damages in the sum of $7,840, owing to said defendant's failure to perform the contract and to its repudiation thereof. The second count realleges, by reference, all of the allegations of the first count, and further alleges an arbitration by one Cukor, appointed arbitrator under the contract, and an award by him of $8,065.23 in favor of the plaintiff, for which amount judgment is demanded. It is also alleged in the first count and realleged in the second that prior to the date of the contract and in consideration that the plaintiff enter into it, appellant agreed to guarantee performance thereof by the other defendant and to be and become jointly liable with it for the performance thereof, and that plaintiff relied thereon and in consideration thereof entered into the contract. There is a provision in the contract with respect to a guaranty thereof as follows: " This contract and the payment of our drafts must be guaranteed by Mr. Augusto Durand." The provisions of the contract with respect to arbitration are as follows: "All disputes and differences arising out of this contract shall be settled and finally determined in the City of New York, by arbitration, in the following manner: Each party to this agreement shall appoint an arbitrator. If the two arbitrators so appointed cannot agree within a month after their appointment, they will select a third arbitrator. The decision in writing of the said three arbitrators, or any two of them, shall be final and binding upon the parties therein, who shall conform to and comply with said decision. If either party fails to appoint his arbitrator within 14 days notice in writing requiring him to do so, the arbitrator appointed by the other party shall act for both; his decision in writing shall be final and binding upon both parties as if he had been appointed by consent, and both parties thereto shall conform to and comply therewith." The other defendant was not served. The grounds upon which the appellant demurred are, *first*, that causes of action have been improperly united in the first count in that the cause of action against the corporation for breach of the contract is joined with the cause of action against the appellant upon a contract of guaranty; *second*, that causes of action are improperly united in the second count in that a cause of action against the corporation on the award is joined with a cause of

action against the appellant on his contract of guaranty; *third,* that the facts stated in the first count are insufficient to constitute a cause of action against the appellant; *fourth,* that the facts stated in the second count are insufficient to constitute a cause of action against him; and *fifth,* that causes of action are improperly united in the complaint in that it purports to allege a cause of action against the corporation based upon the contract for the purchase of goods, and against appellant on a guaranty thereof, and a cause of action on an award against the corporation for breach of the contract and upon a guaranty by the appellant, and that the causes of action arising on the contract are merged in the award, and that the causes of action do not arise out of the same transaction and are not connected with the same subject of action and are not consistent with one another.

Without deciding whether the rule that parties jointly liable on a contract must be joined in an action thereon would be applicable in the case at bar, we are of opinion that it was proper to join the appellant with the corporation, for *under the allegations of the complaint* he became liable to plaintiff as if a party to the contract although his guaranty and agreement may have been by a separate instrument. (*Spofford* v. *Rowan,* 124 N. Y. 108; *Stein* v. *Whitman,* 156 App. Div. 861; revd., on dissenting opinion, 209 N. Y. 576.) It was, therefore, proper to join appellant with the corporation in the count for damages for the breach of the contract and in the count for the award of the arbitrator.

The allegations of the complaint are sufficient to admit evidence of the execution by the appellant of a valid guaranty of performance of the contract by the other defendant and an agreement on his part to become jointly liable with it for the performance of the contract, as an inducement to the plaintiff to sign the contract. (*Moran* v. *Standard Oil Co.,* 211 N. Y. 187; *Davis* v. *Frank,* 102 Misc. Rep. 683.) Therefore, a cause of action is sufficiently stated.

There is no force in the contention that owing to the provision in the contract that it is to be guaranteed by Durand, it is necessary for the plaintiff to allege a guaranty by him after the execution of the contract. Under the allegations of the complaint, it may be shown that he executed a sufficient

guaranty in advance to bind him by the contract when executed and if so there would be no necessity for a subsequent guaranty. The second count, in so far as it rests on the award, does not set forth a cause of action for the reason that the agreement for arbitration was void as contravening public policy in that it is too broad and purports to oust the court of any jurisdiction to enforce the contract rights of either party or to grant redress to either party thereunder (*Meacham* v. *Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346; *Matter of Berkovitz*, 193 App. Div. 423), and having been made prior to the enactment of the Arbitration Law (Consol. Laws, chap. 72; Laws of 1920, chap. 275) was unaffected thereby. (*Matter of Berkovitz, supra.*) The learned counsel for the respondent contends, in effect, that even though the agreement to arbitrate was void, there having been an arbitration under it, the award is enforcible. It is sufficient to say with respect to that contention that neither appellant nor the other defendant took any part in the award which evidently was made by an arbitrator selected by plaintiff to represent it, and, therefore, they cannot be foreclosed from contending that the contract for arbitration was void. The demurrer to the second count, however, cannot be sustained for the reason that all of the allegations of the first count, which states a good cause of action, are incorporated therein. The remedy of the appellant was by motion to have stricken from this count as irrelevant and redundant the allegations of the first count which were not relevant to the alleged cause of action on the award.

Since we are of opinion that the award is void it becomes unnecessary to decide whether it would be proper to join in the single count or in separate counts a cause of action for breach of the contract and a cause of action for an award of damages therefor.

It follows that the order should be affirmed, with ten dollars costs and disbursements, with leave to the appellant to withdraw the demurrer and to answer on payment of said costs and costs of the action to date awarded to the plaintiff by the court at Special Term.

Smith and Merrell, JJ., concur; Clarke, P. J., and Page, J., dissent.

PAGE, J. (dissenting in part):

I cannot concur in Mr. Justice LAUGHLIN's conclusion as to the demurrer to the second cause of action.

The gravamen of that cause of action is the non-payment of the award made by the arbitrator. Mr. Justice LAUGHLIN finds the facts stated insufficient to constitute a cause of action to recover the award, but because the facts stated in the first cause of action are realleged by reference thereto, and we are agreed that those facts were sufficient to state a cause of action for a breach of the contract, he holds the second cause of action good as against the demurrant. In my opinion the facts realleged are merely by way of inducement, and are introductory to, and explanatory of, the material facts alleged to constitute the second cause of action. They are not material or necessary to that cause of action, for if the plaintiff proved all those facts, and failed to prove the provisions in the contract for arbitration and award thereunder, it could not obtain judgment for the award. While they are not material and necessary to the cause of action, they are not irrelevant or redundant and could not be stricken out on motion. In all forms of pleading whether at law, in equity or under the Code, allegations have been allowed of matter of inducement, *i. e.,* a statement of matter which is introductory to, and tends to explain or elucidate the principal subject of the complaint, out of which the cause of action arose.

These allegations being explanatory merely, are not required to be traversed, nor should they be stricken out on motion. (*McGarahan* v. *Sheridan,* 106 App. Div. 532, 538; *Hale* v. *Tyler,* 104 Fed. Rep. 757, 759.) On demurrer they should be disregarded.

In my opinion the demurrer to the second cause of action should be sustained.

CLARKE, P. J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to appellant to withdraw demurrer and to answer on payment of said costs and costs of action to date.