ANGELE INGLESLI, Respondent, v. HICKSON, INC., Appellant.

First Department, March 4, 1921.

**Master and servant — wrongful discharge — when damages limited to recovery of salary earned and unpaid — demurrer properly overruled to count of complaint alleging wrongful discharge without notice — construction of contract to send employee abroad.**

In an action for damages for a wrongful discharge a count in the complaint which merely alleges a wrongful discharge and that there is due a sum certain for unpaid salary, limits the recovery to the salary earned and unpaid.

Where, however, a second count realleges, by reference, the matter set up in the first count, and further alleges damages for the failure to send the plaintiff abroad, in accordance with the terms of the contract, and it appears that the contract might be terminated by either party at the expiration of the first year, by giving thirty days' notice, and there is still sufficient time to give the notice after the alleged wrongful discharge, the plaintiff would presumptively be entitled to recover as damages the balance of salary for the unexpired year only, and, hence, a demurrer to the count was properly overruled.

A contract between a millinery establishment and a designer that the latter should make two trips to Europe in the interest of the establishment, at such times during the life of the contract as it might deem most advantageous to its business, gives rise to no right of action in her favor for more than nominal damages, where such part of the contract is not carried out by the employer.

MERRELL, J., dissents in part, with opinion.

APPEAL by the defendant, Hickson, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of July, 1920, overruling the demurrer to the second cause of action set forth in the amended complaint.

The issue herein was brought on and tried as a contested motion under section 976 of the Code of Civil Procedure.

*Sidney M. Heimann* [*William Klein* and *Milton R. Weinberger* with him on the brief; *William Klein*, attorney], for the appellant.

*Raymond C. Haff* of counsel [*Harry W. McChesney* with him on the brief; *Hovell, McChesney & Clarkson*, attorneys], for the respondent.

LAUGHLIN, J.:

The sole ground of the demurrer is that the second count of the complaint fails to state facts sufficient to constitute a cause of action. Both counts are for damages for breaches of a contract in writing made between the parties on the 27th of January, 1919, by which defendant, a domestic corporation engaged in the city of New York in the manufacture and sale of fashionable millinery, employed plaintiff as chief designer in its millinery department for the period of two years commencing on the 10th day of March, 1919, at a salary of $150 per week, payable at the end of each week. In the first count it is alleged that defendant wrongfully and without cause discharged plaintiff on the 20th of January, 1920, and that there was then due and owing to the plaintiff for unpaid weekly salary the sum of $900. The second count, to which the demurrer was interposed, is for $10,000 damages predicated on the wrongful discharge, which is realleged by reference in the second count, and for the failure of the defendant to send the plaintiff to Europe on its business in accordance with the provisions of the 4th paragraph of the contract, which are as follows:

" The party of the second part further agrees that the party of the first part shall take two trips to Europe in the interest of the party of the second part, at such times during each year most advantageous to the business of the party of the

second part; and the party of the second part agrees to pay all necessary expenses to the party of the first part for said European trips, and to advance to the party of the first part sufficient amount of money to cover said travelling expenses, in first class style, in advance of such trips; the complete expense of such trips to be adjusted upon the return to the City of New York, of the party of the first part."

It will be observed that although a wrongful discharge is alleged in the first count, no damages are therein sought to be recovered therefor and the recovery thereunder is limited to the weekly salary earned and unpaid. By realleging the wrongful discharge in the second count, a cause of action for the wrongful discharge is stated, which, if the evidence shows a wrongful discharge, will entitle plaintiff presumptively, unless the defendant shows that she could and should have obtained other similar employment to reduce the damages, to recover as damages the balance of the weekly salary for the unexpired part of the first year only, for the contract provided that it might be canceled by either party at the expiration of one year upon the giving of thirty days' notice in writing and there was still sufficient time to give that notice after the alleged wrongful discharge. The demurrer was, therefore, properly overruled. The appeal, however, has not been argued on that theory. It has been assumed by both parties that the appeal involves the construction of the 4th paragraph of the contract; and it is argued on behalf of the appellant that the alleged violation thereof affords no cause of action and on behalf of the respondent that she is entitled to recover general damages in such amounts as the jury may find she has sustained by being deprived of the opportunity of advancing her knowledge and acquaintance with respect to the millinery business by the contemplated trips to Europe. I am unable to concur in the view that the plaintiff is entitled to recover damages under said paragraph 4 of the contract for the failure of the defendant to send her to Europe. The contention made in behalf of the plaintiff is that the provisions of the 4th paragraph of the contract were inserted for her benefit in order to enable her to become more efficient and that she has sustained large damages by having been deprived of the opportunity of making the two trips to Europe. The only

possible basis for this contention lies in the form of the agreement by which the defendant agreed that the plaintiff should take two trips to Europe. It is not provided that the trips shall be taken for her education or information or benefit, but on the contrary it is therein expressly provided that those trips were to be taken *in the interest of the defendant* and at such times during each year as the defendant might deem most advantageous to its business and that the plaintiff was to receive no additional compensation therefor and was to be paid only her necessary expenses which were to be estimated and advanced and the settlement therefor made on her return. If the contract contained no provision requiring plaintiff to go to Europe on defendant's business, it would have no right to send her there against her will. In view of the fact that it is expressly provided in the contract that the trips were to be made in the interest of the defendant, I am of opinion that the contract should be construed as merely intended to obligate plaintiff to make two trips if and when called upon so to do by the defendant and upon the advancement of an amount sufficient to cover her expenses. At most, it was a privilege which defendant agreed in its own interest to give to the plaintiff instead of employing another to make the trips if its business required them, and for the breach thereof there could in no event be a recovery by the plaintiff for more than nominal damages. Unless there was a wrongful discharge, there was in no event any obligation on the part of the defendant to send plaintiff to Europe, and if the discharge was wrongful she is entitled to recover damages therefor, and there would be no occasion for considering whether, in addition thereto, she might be entitled to nominal damages for a technical breach of the 4th paragraph of the contract. Contracts must be construed reasonably; and under that rule this contract should not be construed as obligating the defendant to send the plaintiff to Europe if, owing to a change of circumstances and business conditions, that would not be to the interest of the defendant. It would, I think, be an unreasonable construction of these provisions to hold that the defendant thereby undertook to afford plaintiff an opportunity for becoming more efficient as a designer of millinery at its expense. Since, however, the second count sufficiently states a cause of action

for damages for a wrongful discharge, the order was right and should be affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw the demurrer upon payment of costs and disbursements, and serve an answer.

CLARKE, P. J., SMITH and PAGE, JJ., concur.

MERRELL, J.:

The plaintiff, according to the allegations of the amended complaint, is a millinery designer. The defendant is a domestic corporation engaged in the manufacture and sale of fashionable millinery in the city of New York. In said complaint it is alleged that on or about January 27, 1919, the plaintiff and the defendant entered into a contract in writing, by the terms of which the plaintiff agreed to enter into the service of the defendant, and the defendant agreed to employ the plaintiff, as chief designer of its millinery department for the period of two years, commencing on the 10th day of March, 1919, at a weekly salary of $150, payable at the end of each and every week, together with certain expenses mentioned in said contract. Under the terms of the contract, the defendant, party of the second part, agreed that the plaintiff, party of the first part, should have at least four weeks' vacation, with pay, in each year, and by the 6th clause thereof it was mutually agreed that either of the parties might upon thirty days' notice in writing cancel the agreement at the expiration of one year of said term, if either was in any way dissatisfied with the other party or the business or work being done by said other party. A further provision was contained in the contract forbidding the plaintiff from entering the employ of any other millinery establishment in the city of New York or in the city of Boston, Mass., before the expiration of the term of said agreement, or before the cancellation thereof upon said thirty days' notice. The contract also contained the following provision:

"*Fourth.* The party of the second part further agrees that the party of the first part shall take two trips to Europe in the interest of the party of the second part, at such times during each year most advantageous to the business of the party of the second part; and the party of the second part agrees to pay all necessary expenses to the party of the first part for said

European trips, and to advance to the party of the first part sufficient amount of money to cover said travelling expenses, in first class style, in advance of such trips; the complete expense of such trips to be adjusted upon the return to the City of New York, of the party of the first part."

In her first cause of action contained in said amended complaint, the plaintiff alleged that on the 10th day of March, 1919, the plaintiff entered the defendant's service as chief designer in its millinery department, and duly performed all the terms and conditions of said agreement on her part to be performed, until on or about the 19th day of January, 1920, and that said defendant broke said contract and unlawfully and without any right or cause discharged the plaintiff from its said employment and refused to permit the plaintiff to perform any further services for it under said agreement. In said first cause of action the plaintiff then alleges that at the time of her wrongful discharge there had become due the plaintiff under the terms of said agreement from the defendant as weekly wages the sum of $6,750 on account of which the defendant had paid the plaintiff the sum of $5,850, leaving a balance remaining unpaid of weekly wages due the plaintiff at the time of such discharge of $900, no part of which had been paid.

As a second cause of action in said amended complaint, the plaintiff first repeats and realleges as a part of said second cause of action " each and every allegation contained in paragraphs numbered ' First,' ' Second ' and ' Third ' of the foregoing first cause of action." The 1st, 2d and 3d paragraphs contained in the first cause of action relate respectively to the incorporation and business of the defendant, the contract of employment entered into between the plaintiff and the defendant, and its breach by the defendant's wrongfully discharging the plaintiff from its employ on January 20, 1920, and defendant's refusal to permit plaintiff to perform further services under said agreement. Then by the " second " paragraph of said second cause of action contained in the amended complaint the plaintiff alleges that at and prior to the time said agreement was made and entered into, the plaintiff was and now is an artist in millinery designing, and had devoted years of time and spent large sums of money in studying

art and millinery designing in Paris and other European cities to become a proficient millinery designer; that at the time said agreement was entered into the plaintiff and the defendant well knew and understood that it was the custom and that it was necessary for a millinery designer in charge of the designing department of a manufacturer of fashionable millinery in the city of New York, to make two trips to Europe each year for the purpose of procuring ideas and designs to maintain her efficiency as a designer of millinery for the fashionable trade in New York city and elsewhere in the United States, and the provision in said agreement that the plaintiff should take two trips to Europe in the interests of the party of the second part at such times during each year most advantageous to the business of the defendant, and that the defendant would pay all necessary expenses to the plaintiff for said European trips, and advance a sufficient amount of money to cover traveling expenses in first class style in advance of such trips, was a part of the contract to be performed by the defendant for the benefit of the plaintiff, and was made in order that the plaintiff might visit the principal manufacturers and creators of fashionable millinery in Paris and other European cities for the purpose of procuring the latest ideas and designs of fashionable millinery in Paris and other European cities, so as to maintain her efficiency as a millinery designer for the fashionable trade in New York city and elsewhere in the United States. And by the " third " paragraph of said second cause of action in the amended complaint the plaintiff alleges that the defendant neglected and failed to send, and refused to permit or allow the plaintiff to take two trips to Europe in the interest of the defendant, and to pay all the necessary expenses of the plaintiff for said European trips, and to advance to the plaintiff sufficient moneys to cover traveling expenses as required and provided by said agreement, and that by reason thereof the plaintiff was deprived and prevented from securing and procuring ideas and designs from milliners, manufacturers and creators of fashionable millinery in Paris and other European cities for use as chief designer in the millinery department of the business conducted by the defendant in the city of New York or elsewhere, and that the defendant well knew that in refus-

ing to permit and allow the plaintiff to take these trips to Europe in the interest of the defendant, it would thereby destroy or greatly impair the efficiency of the plaintiff as a millinery designer and the value of her services as a chief designer in the millinery department of any millinery business in the city of New York and elsewhere, and the efficiency of the plaintiff as a millinery designer was thereby greatly impaired and the value of her services as a chief designer in the millinery department of any millinery business in the city of New York and elsewhere was thereby destroyed. Finally, by the " fourth " paragraph of the second cause of action contained in said amended complaint, the plaintiff alleged: " That by reason of the premises the plaintiff has been damaged in the sum of $10,000." Judgment is demanded against the defendant for the sum of $10,900, together with the costs and disbursements of the action.

The defendant demurred to the second cause of action set forth in plaintiff's said amended complaint on the ground that it appeared on the face thereof that it did not state facts sufficient to constitute a cause of action. Thereupon said demurrer was brought on for hearing as a contested motion, and the order appealed from was made overruling said demurrer, with permission to the defendant to withdraw the same and serve an answer to said second cause of action contained in the amended complaint.

The appellant urges a reversal of the order upon the ground that the second cause of action set forth in said amended complaint does not, in fact, state facts sufficient to constitute a cause of action, the position of the defendant, appellant, being that under the 4th clause of the contract between the parties there can be no cause of action against the defendant for damages arising from her wrongful discharge because the defendant failed to send the plaintiff to Europe the two trips in each year provided in said clause. The position of the defendant is that it was entirely at the option of the defendant whether or not the plaintiff should take said two trips yearly to Europe, and that in case the defendant saw fit not to send her she could not complain. I think the plaintiff was entitled, as a part of the consideration of her entering defendant's employment, to the two trips to Europe annually under the

terms of said 4th clause of the contract. By that clause the party of the second part agreed that the party of the first part should take the two trips to Europe in each year. It is true that it is stated that said trips should be in the interest of the party of the second part, and should be taken at such times in each year as were most advantageous to the business of the said party of the second part. Nevertheless, I think the plaintiff had a right to insist that she have said two trips each year. Under the allegations of the complaint, which upon demurrer must be taken as admitted, the trips abroad were of distinct benefit to plaintiff and constituted a part of the consideration for plaintiff's engaging in defendant's employ. It will be noted that under the terms of the contract her employment was of two years' duration, and at the end of the first year, if dissatisfied with her work, the defendant was at liberty to discharge her. No one may have known better or better understood than she the necessity in order to maintain her efficiency and to obtain new designs in her art that the plaintiff make these frequent trips to Europe. It may very well be that the real cause of her discharge was the fact that she had not been able to maintain her efficiency as a designer for the very reason that she had been deprived of these European trips. It, therefore, would seem to be well within reason that the taking of such trips, while the same were to be taken in the interest of the party of the second part, were none the less to plaintiff's advantage. Under the allegations of the complaint, which we must take as true, it was customary and necessary for her, in order to maintain her efficiency, not only with reference to her present employment with the defendant, but also to maintain her reputation and ability as a designer, to keep constantly in touch with the European styles. Therefore, it was to her interest, as a part of her education and professional training and to enable her to keep abreast of the changing fashions, to make these frequent pilgrimages to the European center of fashion. As these European trips were to be taken when plaintiff was under pay of defendant and as the latter was to bear all expense of the trip, it was only natural that the contract should provide that such trips were to be taken " in the interest of " and at seasons of the year most

advantageous to the employer. But such provisions do not negative the fact as alleged in the complaint that such trips were a distinct advantage and necessary to enable plaintiff to maintain her professional standing and efficiency. These trips at defendant's expense may well have been a prime consideration for plaintiff's entering defendant's employ. The allegations of the complaint very fully set forth the advantage thereof to the plaintiff, and, indeed, the necessity thereof to enable plaintiff to maintain her efficiency as a designer of fashionable millinery, and upon demurrer the truth of such allegations must be deemed admitted. That the provision of the contract in question was clearly for the advantage of the plaintiff seems borne out by the fact that no such provision would have been necessary had the European trips been solely for the benefit of the employer. If such were the fact the contract would simply have provided that the plaintiff would go abroad if required by her employer. In other words there was no reason for including such a provision in the contract except to bind the employer to send the plaintiff abroad twice in each year and to defray all necessary expenses incidental to such trip.

I, therefore, think it was properly alleged as an element of her damage that she was wrongfully deprived of these trips which clearly under the 4th clause of the contract the defendant had agreed she should take.

But beyond all of this, it seems to me that by the second cause of action the plaintiff has clearly set forth facts sufficient to constitute a cause of action against the defendant. The only damages alleged in her first cause of action were to the extent of the unpaid salary which she had already earned at the time of her wrongful discharge. She might have claimed in that connection damages resulting from her wrongful discharge, measured by the salary which she would have received for the full term of her employment. Under the allegations of her complaint, plaintiff's cause of action arose at the time of defendant's breach of the contract, and she was entitled to sue and recover such actual damages as flowed from such breach. (*Everson* v. *Powers,* 89 N. Y. 527.) Damages may be estimated to the end of the contract period, even though the trial occurs before the end of such period. (*Davis*

v. *Dodge*, 126 App. Div. 469; *Cottone* v. *Murray's*, 138 id. 874.) In her so-called second cause of action contained in the amended complaint, the plaintiff at the outset repeats and realleges as a part of said second cause of action the allegations contained in the first cause of action as to defendant's incorporation, the contract between the parties, and its breach by the defendant. Then she alleges the refusal of the defendant to send her abroad as provided in the 4th clause of the contract, and closes the allegations of her second cause of action with the allegation: " That by reason of the premises the plaintiff has been damaged in the sum of $10,000." Such " premises " included all the necessary allegations upon which to base a demand for damages for wrongful discharge. In any aspect of the case the plaintiff, having been wrongfully discharged on January twentieth, before the expiration of her first year, and without the thirty days' notice provided in the contract, and without any dissatisfaction on the part of the defendant so far as the allegations of the complaint show, was entitled to her salary for the remainder of the first year. I think beyond this, inasmuch as the contract provided that her employment could only be terminated at the expiration of the first year where the defendant was dissatisfied with her work, and then only on thirty days' notice, and it not appearing that her discharge was in conformity with such provisions of the contract, that the plaintiff was entitled to recover her salary for the remainder of the full two years of her term. She was certainly entitled to recover some damages beyond the $900 of unpaid salary which she had earned prior to her discharge, as alleged in her first cause of action, and, therefore, upon demurrer, the allegations of the second cause of action must be held to be good as stating a cause of action for some damages. The form of pleading adopted by the plaintiff wherein she repeated and realleged in her second cause of action all of the allegations contained in her first cause of action which were essential to a recovery of damages for wrongful discharge, was distinctly approved by this court in the recent case of *Hudson Trading Co.* v. *Durand* (194 App. Div. 248). In that case we held that the Special Term had properly overruled defendant's demurrer to a second cause of action for insufficiency where the plaintiff had in its com-

plaint set up an arbitration award which this court held to be void and not a proper basis for recovery, but had also in said second count realleged by reference, as in the present case, the allegations contained in the first count which stated a good cause of action.

The order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw its demurrer and answer within twenty days upon payment of said costs and ten dollars costs of motion at Special Term.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of said costs and ten dollars costs of motion at Special Term.