HOWARD J. FELLOWS, Appellant, *v.* THE FAIRBANKS COMPANY, Respondent.

Fourth Department, May 2, 1923.

*Master and servant — action to recover damages for wrongful discharge — plaintiff was discharged before expiration of period — letter from defendant construed to be contract for employment for one year — memorandum signed by person to be charged is sufficient under Statute of Frauds (Pers. Prop. Law, § 31) — contract was not unilateral.*

In an action to recover damages for a wrongful discharge it appeared that the defendant attempted to prevent plaintiff from resigning, and as a result of negotiations wrote him a letter which stated that the plaintiff was to receive for the balance of the year a salary " at the rate of $4,000 a year, and for the year 1921 you are to receive a salary at the rate of $4,500 per year;" and that the plaintiff was discharged on April 1, 1921.

*Held,* that it was error to grant a nonsuit upon the ground that the contract under which the plaintiff was working was a hiring from week to week which could be terminated at will and upon the further ground that there was no written acceptance of defendant's offer, contained in the letter referred to, and that the contract was unenforcible under the Statute of Frauds (Pers. Prop. Law, § 31), for it cannot be held as a matter of law that the hiring was one at will under the facts of the case since the jury might have found that the hiring was for a definite period, and furthermore in this action against the defendant a note or memorandum signed by it satisfied the requirements of the Statute of Frauds.

The contract was not unilateral since, if there was an agreement between the parties that the plaintiff was to receive a salary of $4,500 for the year 1921, then there was an express promise by the defendant to pay the salary and an implied promise by the plaintiff to work during that period.

APPEAL by the plaintiff, Howard J. Fellows, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 17th day of April, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Wilbur B. Grandison* [*Henry Stern* and *Philip A. Laing* of counsel], for the appellant.

*Paul Sheehan,* for the respondent.

HUBBS, P. J.:

The plaintiff had been in the defendant's employ for sixteen years prior to July, 1920. He had been promoted from time to time and his salary had been increased. On July 13, 1920, he wrote a letter to the defendant in which he notified it that he had accepted a position as treasurer of another corporation and desired to resign his position. The defendant made a determined effort

to prevent the plaintiff from resigning and various conversations were had between the plaintiff and officers of the defendant, and a number of letters passed between the parties. On August 3, 1920, the defendant wrote the following letter, which was received by the plaintiff:

" THE FAIRBANKS COMPANY

" NEW YORK

" MARSHALL J. ROOT             *August 3rd,* 1920
     " Vice-President.
" Mr. H. J. FELLOWS,
     " The Fairbanks Company,
         " Syracuse, N. Y.:

" My DEAR Mr. FELLOWS.— Agreeable to my promise when last we met, beg to say that the confidential arrangement between us embodying your employment with the Fairbanks Company is that you are to receive for the balance of this year salary at the rate of $4,000 a year, and for the year 1921 you are to receive a salary at the rate of $4,500 per year.

" The above I believe sets forth the important features in our conversation that I want to put on record so that in case anything happens to me, it will be understood by the company.

" I remain,               Very truly yours,
                               " M. J. R.
                               " *Vice-President.*"

The initials " M. J. R." stood for the name of M. J. Root, vice-president of the defendant.

The plaintiff remained in the service of the defendant and for the balance of the year 1920 was paid a salary at the rate of $4,000 a year, which was paid weekly. He continued his services in 1921, and his salary was increased and paid weekly at the rate of $4,500 per year. On April 1, 1921, he was discharged. This action was brought to recover the damages which he sustained by reason of such discharge.

At the close of the plaintiff's case a nonsuit was granted upon the ground that the contract under which the plaintiff was working was a hiring from week to week which could be terminated at will, and upon the further ground that there was no written acceptance of the defendant's offer, contained in the letter heretofore quoted, and that, therefore, the contract was void under the Statute of Frauds.

Upon the trial evidence was properly received showing the relation of the parties, the circumstances surrounding them at the time the contract was entered into, and the practical inter-

pretation which they had placed upon the contract. In granting the motion for a nonsuit the learned trial court was influenced, undoubtedly, by the decision in the case of *Watson* v. *Gugino* (204 N. Y. 535) and that authority is relied upon by the respondent in this court. There can be no doubt but what the general statement made in that case is the settled law in this State. The court there said: " In this State the rule is settled that unless a definite period of service is specified in the contract, the hiring is at will, and the master has the right to discharge and the servant to leave at any time." The court quoted with approval the following from Wood on Master and Servant (2d ed. § 136): " A hiring at so much a day, week, month or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve. * * * A contract to pay one $2,500 a year for services is not a contract for a year, but a contract to pay at the rate of $2,500 a year for services actually rendered, and is determinable at will by either party."

It seems to us that the facts in this case are such that it cannot be held as a matter of law that the hiring was at will, but that the jury might have found, if the question had been submitted to it, that the hiring was for a definite period.

The letter in question was written by the defendant and, if doubtful in its meaning, is to be construed, under familiar rules of construction, most favorably to the plaintiff. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 196.) The statement contained in the letter, " you are to receive for the balance of this year [1920] salary at the rate of $4,000 a year, and for the year 1921 you are to receive a salary at the rate of $4,500 per year," is susceptible to the construction that the plaintiff was hired for the balance of the year 1920 at a salary of $4,000 a year, and for the year 1921 at a salary of $4,500. The use of the words " at the rate of $4,000 a year " and " at the rate of $4,500 per year " leaves the meaning somewhat confused, but in view of all the evidence in the case the jury might very properly have found that the plaintiff was hired for the balance of the year 1920 and for the year 1921, and that his salary was fixed on the basis of $4,000 a year for 1920 and at $4,500 for the year 1921. The question of whether or not the plaintiff was hired for a definite period at a definite salary should have been submitted to the jury to determine as a question of fact.

It was error, also, for the trial court to hold that the contract was void under the Statute of Frauds. Subdivision 1 of section 31 of the Personal Property Law reads: " Every agreement, promise

18

or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

" 1. By its terms is not to be performed within one year from the making thereof."

The only party required to sign such agreement is the party sought to be charged therewith. (27 C. J. 289, § 360, and cases cited; *Seymour* v. *Warren*, 179 N. Y. 1.)

It is urged by the respondent that the contract in question is unilateral and unenforcible, and our attention is called to the case of *Sorrentino* v. *Bouchet* (161 N. Y. Supp. 262). In that case Mr. Justice SHEARN stated that there was no evidence in the record that the servant agreed to remain in the service for any definite time. In the case at bar the letter from the defendant upon which the plaintiff relied in withdrawing his resignation and remaining in the defendant's service contains words which, taken with the other evidence in the case, would justify a jury in finding that there was an agreement for a definite term. To quote again, " the confidential arrangement between us embodying your employment with the Fairbanks Company is that  &#42;  &#42;  &#42;   for the year 1921 you are to receive a salary at the rate of $4,500 per year." The salary to be paid was for the year 1921. It was to be paid pursuant to the arrangement made between the parties. The jury might find that the word " arrangement " was used in the sense of " agreement " or " contract." (5 C. J. 373; *People* v. *American Ice Co.*, 120 N. Y. Supp. 443.) If there was an agreement between the parties that the plaintiff was to receive a salary of $4,500 for the year 1921, then there was an express promise by the defendant to pay the salary and an implied promise by the plaintiff to serve during that period.

" What is implied in an express contract is as much a part of it as what is expressed." (*Grossman* v. *Schenker*, 206 N. Y. 466; *Moran* v. *Standard Oil Co.*, 211 id. 196; *Davis* v. *Frank*, 102 Misc. Rep. 683; *Gabriel* v. *Opoznauer*, 89 id. 611.)

It was error for the trial court to dismiss the complaint at the close of the plaintiff's evidence. The judgment should be reversed upon the law and a new trial directed, with costs to the appellant to abide the event.

All concur.

Judgment reversed upon the law and new trial granted, with costs to the appellant to abide the event.