■ TSR CONSULTING SERVICES, INC., Appellant, v LARRY STEINHOUSE, Respondent. [699 NYS2d 375] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about July 9, 1998, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

In May 1997, defendant, Larry Steinhouse, interviewed with plaintiff, TSR Consulting Services, Inc. (TSR), for possible employment as manager of TSR's New York branch. After negotiations, TSR's President offered Steinhouse the position in a letter dated May 27, 1997. The letter stated in relevant part as follows:

"Salary and Incentive Compensation

"For the first twelve months of your employment, through May 31, 1998, your compensation will consist of a base salary, which if annualized would be $120,000. In addition, you will receive a guaranteed non-recoverable draw of $10,000 against commissions for this same period. Also, as you requested an additional recoverable draw of $20,000 against commissions can be provided. The objectives for the additional incentive/

compensation commissions are outlined in schedule A. For the second year of your employment you will receive a guaranteed recoverable draw of $120,000, against commissions" (underscoring in original).

Steinhouse executed the letter agreement and began his employment with TSR on or about June 2, 1997. For reasons that are not clear from the record, just two months later, on August 8, 1997, TSR terminated Steinhouse's employment. Steinhouse, through counsel, advised TSR that his termination was wrongful in that he had a two-year contract and demanded full compensation pursuant to the terms of the letter agreement. TSR responded by commencing this action seeking a declaration that Steinhouse was an employee at will who could be terminated at any time, with or without cause. Steinhouse answered the action and counterclaimed for breach of contract.

Subsequently, TSR moved for an order granting it summary judgment in its declaratory judgment action, and dismissing Steinhouse's counterclaim on the ground that the employment was at will. Steinhouse, in opposing the motion, noted that, before his employment with TSR, he had been gainfully employed at another firm earning approximately $220,000. Because previous managers at TSR allegedly had been terminated shortly after the commencement of their employment, Steinhouse demanded assurances of job security. These negotiations, it was alleged, led to a two-year written contract of employment as reflected in TSR's May 27, 1997 letter. Supreme Court concluded that the letter agreement was ambiguous as to whether it created an employment at will, as contended by TSR, or a two-year employment contract, as contended by Steinhouse. It therefore denied TSR's motion. We conclude that Supreme Court properly denied the motion.

Under New York Law, " '[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party' " (*Rooney v Tyson*, 91 NY2d 685, 689, quoting *Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410). " 'A hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve' " (*Martin v New York Life Ins. Co.*, 148 NY 117, 121). Accordingly, the question is whether the agreement at issue merely measured Steinhouse's salary with reference to a yearly rate, thereby creating nothing more than an employment at will that was freely terminable (*Martin v New York Life Ins. Co., supra*), or whether the agreement established

a contract for a fixed period of time, in which case the agreement could be terminated only upon a showing of just cause (*see, Gressing v Musical Instrument Sales Co.*, 222 NY 215, 221).

Analysis of the issue must begin with recognition of the fact that, to be entitled to summary judgment, TSR was required to demonstrate that the construction of the agreement that it advocated was the only construction that could fairly be placed thereon (*Lipari v Maines Paper & Food Serv.*, 245 AD2d 1085). Although contract interpretation is often a sui generis inquiry, various courts, examining contractual language similar to that used in the instant case, have concluded either that the employment agreement created a contract for a fixed term as a matter of law (*Gressing v Musical Instrument Sales Co., supra*; *Cuppy v Stollwerck Bros.*, 216 NY 591; *Atkins & O'Brien v ISS Intl. Serv. Sys.*, 252 AD2d 446; *Fellows v Fairbanks Co.*, 205 App Div 271; *Mason v New York Produce Exch.*, 127 App Div 282, *affd* 196 NY 548), or at a minimum that a question of fact existed regarding the interpretation of the particular contract (*Levey v Leventhal & Sons*, 231 AD2d 877; *Myers v Coradian Corp.*, 92 AD2d 643).

What is evident is that the agreement at issue here may be viewed as creating a contract of employment with a duration of two years. In this regard, the agreement states that "you [Steinhouse] will receive a guaranteed non-recoverable draw of $10,000 for [the first year of employment]" and "[f]or the second year of your employment you will receive a guaranteed recoverable draw of $120,000, against commissions." In addition, the contract speaks of the "first twelve months" of employment, which extends "through May 31, 1998." These formulations, as Steinhouse contends, are certainly consistent with a hiring for a definite period as opposed to an employment at will (*Gressing v Musical Instrument Sales Co., supra*; *Atkins & O'Brien v ISS Intl. Serv. Sys., supra*; *Fellows v Fairbanks Co., supra*; *Mason v New York Produce Exch., supra*). On the other hand, we cannot say that the agreement is so clear as to render this interpretation the only one possible.

In sum, if the agreement at issue merely provided that defendant would be compensated at a fixed amount per year, it undoubtedly would constitute a hiring at will (*Martin v New York Life Ins. Co.*, 148 NY 117, *supra*). However, reading the agreement in the light most favorable to Steinhouse, as it must be on a motion for summary judgment, it may fairly be said that the letter agreement is outside the compass of *Martin* and its progeny. Since the agreement is ultimately ambiguous on

the subject, there are questions of fact that preclude granting summary judgment. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.