■ STACEY PERLICK, Respondent, v TAHARI, LTD., Defendant, and THEORY, LLC, Appellant. [740 NYS2d 311] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or

about September 10, 2001, which, insofar as appealed from, denied defendant employer's motion for summary judgment dismissing plaintiff's causes of action to recover unpaid salary and commissions allegedly earned in 1999, and for costs and liquidated damages under Labor Law §§ 191 and 198, unanimously affirmed, with costs.

Plaintiff, who began her employment with defendant in late 1996 and left in May 1999, submits two writings prepared by defendant purporting to set forth the terms of her employment, the first for 1997 and the second for 1998, and claims that the latter automatically continued into 1999. Since the general rule is that an employee who remains with her employer after the expiration of a definite term at a stated annual salary continues for another year pursuant to an implied one-year agreement (*Matter of Schlaifer [Kaiser]*, 84 Misc 2d 817, 821, *affd* 50 AD2d 749, citing, inter alia, *Carter v Bradlee*, 245 App Div 49, *affd* 269 NY 664), plaintiff's claim is viable if the 1998 writing, which provided for a "base salary of $100,000 per year" plus commissions at specified rates, constituted an employment contract with a term of one year, as opposed to a statement of salary at an annual rate reflecting a mere hiring at will (*see, Dalton v Union Bank*, 134 AD2d 174, 176). Whether plaintiff was employed at will or for two one-year terms is an issue of fact, raised by, inter alia, ambiguous language in the two writings like "1997 Deal," "This will be the arrangement for 1997," "1998 Deal," and "A guaranteed Draw against Commission of $42,000 to be paid quarterly in the last pay period of each quarter" (*cf., TSR Consulting Servs. v Steinhouse*, 267 AD2d 25; *Levey v Leventhal & Sons*, 231 AD2d 877). In addition, defendant's testimony that plaintiff's 1999 compensation was $200,000 with no commissions is undermined by a writing, dated January 7, 1999, indicating that a loan that defendant was giving plaintiff would be offset by "any 1999 commissions" to be earned by plaintiff, and by another writing, dated April 21, 1999, in which defendant appeared to zero out the loan by applying against it, among other things, 1999 commissions of $25,828. Dismissal of the Labor Law cause of action was properly denied in view of plaintiff's supervisor's admission that although he believed defendant owed plaintiff $12,000 in salary at the time of her termination, he withheld it when he learned that she had engaged an attorney. Concur—Mazzarelli, J.P., Andrias, Saxe, Wallach and Marlow, JJ.