◼ Usukumah E. Usukumah, Respondent, v Greenburgh Health Center, Inc., Appellant, et al., Defendants. [837 NYS2d 168]—

In an action to recover damages, inter alia, for breach of an employment contract, the defendant Greenburgh Health Center appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 30, 2005, as granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first, third, and fourth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment on the issue of liability on the fourth cause of action and substituting therefor a provision denying

that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In October 2001 the plaintiff, a physician, entered into an employment agreement with Greenburgh Health Center (hereinafter GHC), to provide obstetrical, gynecological, and surgical care to GHC's patients at GHC and at St. Agnes Hospital. The contract provided that the plaintiff was employed as a full-time physician, working a 35-hour work week, at an annual rate of $140,000. In addition, the contract provided that the plaintiff would be reimbursed 60% of the billings for surgeries he completed and 50% of the billings for deliveries of babies in excess of 100 in any calendar year. The contract was renewed in December 2002, providing for substantially the same duties and reimbursements. Under the renewal contract, the plaintiff was compensated at $144,200 annually.

The plaintiff was entitled to summary judgment on the issue of liability on his first cause of action alleging breach of the contract provision entitling him to be compensated for 60% of the billings for surgeries. The record supports the plaintiff's contention that GHC breached the contract because the plaintiff performed surgeries on GHC patients and was not properly compensated therefor (*see 45-02 Food Corp. v 45-02 43rd Realty LLC*, 37 AD3d 522 [2007]). GHC failed to raise a triable issue of fact as to whether the plaintiff completed the surgeries (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The question of whether and when GHC billed for the surgeries concerns the plaintiff's damages and is properly resolved at a hearing on damages.

The plaintiff also was entitled to summary judgment on the issue of liability on his third cause of action alleging entitlement to compensation for hours worked in excess of the 35-hour work week provided in the contract. Insofar as GHC did not dispute that the plaintiff worked an excess of 1,276 hours, the plaintiff established his entitlement to judgment as a matter of law to compensation for these hours either on a breach of contract theory if the extra hours were spent delivering more than 100 babies or in performing surgeries (*see 45-02 Food Corp. v 45-02 43rd Realty LLC, supra*), or in quasi-contract if the extra hours were spent in covering for another physician's "on call hours" (*see Farash v Sykes Datatronics*, 59 NY2d 500, 504 [1983]; *Insurance Co. of State of Pa. v HSBC Bank USA*, 37 AD3d 251 [2007]).

However, the court erred in granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his fourth cause of action alleging entitle-

ment to additional compensation for his performance of administrative duties. A triable issue of fact exists as to whether the plaintiff is entitled to additional compensation for his performance of administrative duties (*see Zuckerman v City of New York, supra; TSR Consulting Servs. v Steinhouse,* 267 AD2d 25, 27 [1999]). Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.