JOSEPH GROSSMAN, Respondent, *v.* ISRAEL W. SCHENKER, Appellant.

Contract — master and servant — when implied promise to do certain work for a designated consideration constitutes a valid contract.

1. The general rule is that a promise, not under seal, made by one party with none by the other is void. If, however, there is a sufficient consideration mutual promises are not essential, for the consideration supports the promise although made by one party only.

2. A mutual agreement implies an offer and acceptance or a promise for a promise in some form, and where it was mutually agreed that the defendant would pay to the plaintiff a sum named for "superintendence" of certain work, there was not only an express promise by the defendant to pay, but also an implied promise by the plaintiff to superintend, which makes a valid contract.

3. It is not good pleading to set forth the evidence relied on to establish a fact, and it was enough to allege that the parties "mutually agreed" without alleging what each said in making the agreement, or that there was a promise by one party to the other.

*Grossman* v. *Schenker*, 144 App. Div. 911 affirmed.

(Submitted October 25, 1912; decided November 19, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 25, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Dushkind* for appellant. Defendant's motion to dismiss the second cause of action for failure to state

facts sufficient to constitute a cause of action should have been granted. (*C. & G. E. R. R. Co.* v. *Dane*, 43 N. Y. 240; *Hurd* v. *Gill*, 45 N. Y. 341; *Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Southwick* v. *First Nat. Bank*, 84 N. Y. 420; *Hasset* v. *McArdle*, 28 N. Y. Supp. 48; *Rafalovitz* v. *Am. Tobacco Co.*, 23 N. Y. Supp. 274.)

*Joseph P. Joachimsen* and *Jacob Pawel* for respondent.

VANN, J.   But one question worthy of discussion is presented by this appeal and that depends on the second count of the complaint, which is as follows: " That heretofore, at the City of New York, to wit, on or about the 1st day of June, 1909, the above named defendant entered into an agreement with this plaintiff herein and whereby the said defendant agreed to employ this plaintiff to superintend the work of altering the buildings ⚹ 138–40 E. 40th Street, in the Borough of Manhattan, City of New York, of which said buildings the said defendant was then the owner, and in and upon which said buildings the said defendant intended to, and subsequently did, make certain alterations, and that in and by the said agreement, it was mutually agreed by and between this plaintiff and the said defendant, that the said defendant would pay unto this plaintiff the sum of Five hundred ($500) dollars, for such superintendence." Readiness to perform by the plaintiff and a refusal by the defendant to permit him to perform as well as a failure to pay, were also alleged.   The answer was in substance a general denial.

After a jury was impanelled and before any evidence was taken the defendant moved to dismiss the second cause of action because " There is no allegation that the plaintiff has accepted the job and has agreed to do the work for the amount stated.   There is no mutuality of agreement."   At the close of the evidence for the plaintiff the motion was renewed on the ground " that there

is no consideration shown for the agreement on behalf of the defendant." At the close of all the evidence the motion was again renewed on the ground "that there is no consideration and that the contract is unilateral." Each motion was denied and the defendant excepted.

The plaintiff testified, without objection, that he had a conversation with the defendant "on account of the job at 138–140 East 40th Street and we were talking over matters, and then he asked me 'Mr. Grossman how much you are charging for superintending that job?' and I told Mr. Schenker that job is worth in a general way, that is worth over a thousand dollars, but I will tell you what I will do with you, I will make you $500 for super-intending the job, * * *.' For that matter we agreed. Mr. Schenker said, will I keep my word, $500, and I said 'Yes, my word is good for gold; and he says all right, you will have the job.'"

The trial court submitted to the jury the question whether it was agreed between the parties that the plaintiff should superintend the work of construction and "that for the services thus to be performed he was to receive the sum of $500." No exception was taken to this or to any part of the charge. The verdict included the whole, or a part of the amount claimed in the second count.

The general rule is that a promise, not under seal, made by one party with none by the other is void, for unless both are bound so that either can sue the other for a breach, neither is bound. If, however, there is a sufficient consideration mutual promises are not essential, for the consideration supports the promise although made by one party only. (*Justice* v. *Lang*, 42 N. Y. 493.) Even when the obligation of a unilateral promise is suspended for want of mutuality at its inception, still, upon performance by the promisee a consideration arises "which relates back to the making of the promise, and it becomes obligatory." (*Willetts* v. *Sun Mut. Ins. Co.*, 45 N. Y. 45, 47.)

A contract includes not only what the parties said but also what is necessarily to be implied from what they said. (*Milliken* v. *Western Union Tel. Co.*, 110 N. Y. 403, 408.) Thus the words "cash on delivery" with no other promise to pay "imply a promise and create an obligation" to make payment upon delivery. (*Justice* v. *Lang*, *supra*.) So the word "sold" in a written agreement implies not only a contract to sell but also a contract to buy (*Butler* v. *Thomson*, 92 U. S. 412, 414); and a contract to buy with no express promise to sell implies the latter obligation. (*Hudson Canal Co.* v. *Penn. Coal Co.*, 75 U. S. [8 Wall.] 276, 289.) "What is implied in an express contract is as much a part of it as what is expressed" (Bishop on Contracts [2d ed.], § 241.); for "the law is a silent factor in every contract" (*Long* v. *Straus*, 107 Ind. 94, 95).

A mutual agreement implies an offer and acceptance, or a promise for a promise in some form, and if, as alleged, it was "mutually agreed * * * that the defendants would pay to the plaintiff the sum of $500 for such superintendence," necessarily there was not only an express promise by the defendant to pay, but also an implied promise by the plaintiff to superintend. (*Allen* v. *Patterson*, 7 N. Y. 476, 479; *Marie* v. *Garrison*, 83 N. Y. 14, 23; *Hadden* v. *Dimick*, 31 How. Pr. 196, 226; *Stilwell* v. *Ocean Steamship Co.*, 5 App. Div. 212, 214; *Jones & Co.* v. *Binford*, 74 Me. 439; *Foulks* v. *Falls*, 91 Ind. 315, 320.) Payment of the sum named was to be made by the one for something to be done by the other, or for "such superintendence," and by necessary implication the service of superintendence was to be rendered by the plaintiff. His implied promise to superintend had the same effect as an express promise, and thus there was a promise for a promise, which constitutes a good consideration and also makes the engagement mutual. That it was "mutually agreed" is an allegation of fact, or of a conclusion of fact, and not of a conclusion of law. "In

pleading under the Code, it is sufficient to state the facts from which the law infers a liability or implies a promise." (*Jordan & S. Plank Road Co.* v. *Morley*, 23 N. Y. 552, 553.) It is not good pleading to set forth the evidence relied on to establish a fact, and it was enough to allege that the parties "mutually agreed" without alleging what each said in making the agreement or that there was a promise by plaintiff to superintend. "It was sufficient to state facts showing the duty from which the law implies a promise." (*Farron* v. *Sherwood*, 17 N. Y. 227, 230; Baylies Pleading, § 7.) A mutual agreement means a reciprocal agreement, or one that requires something to be done or forborne by either party for the other, and hence the allegations of the count in question can be satisfied only by mutual promises. There is nothing inconsistent with these views in the case relied upon by the appellant, for the writing there involved, as construed by the court, was merely an offer by the defendant which was not accepted by the plaintiff. (*Chicago & Great Eastern Ry. Co.* v. *Dane*, 43 N. Y. 240, 242.)

The evidence, received without objection, supported the allegations of the complaint, but was more specific in that the evidentiary facts were stated rather than the conclusion of fact which was alleged. It was for the jury to infer what was meant by the parties from what they said. Hence, they could find that the defendant asked the plaintiff how much he would charge for superintending the job; that the plaintiff replied he would accept $500 for doing that work; that the defendant said all right, and that the parties thus agreed, the one to superintend and the other to pay.

We think that a valid contract was alleged and proved, and as no other question requires special consideration, the judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, CHASE and COLLIN, JJ., concur.

Judgment affirmed.