(80 Misc. Rep. 212.)

## GERINGER v. FRIEDMAN.

(Supreme Court, Appellate Term, First Department.   April 10, 1913.)

1. MASTER AND SERVANT (§ 3*)—CONTRACT OF HIRING.

A written instrument, stating that it certified that defendants had engaged plaintiff as a designer of cloaks at a weekly salary, and that plaintiff was to leave a weekly deposit for his faithful performance, constitutes a binding contract of hiring, and is not a mere unenforceable unilateral agreement; it being apparent that the reciprocal duty of faithful performance is imposed on plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

2. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR.

In an action by a servant for wrongful discharge, where it appeared that, had he been permitted to continue in employment under the contract, he would have earned over $1,500, the refusal of the court to give a requested instruction that the servant was entitled to recover the full amount of his wages for the unexpired term, and also any deposit retained by the master for faithful performance, is reversible error, where the verdict for plaintiff was only $500.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221-4224; Dec. Dig. § 1064.*]

Appeal from City Court of New York, Trial Term.

Action by Max Geringer against Hyman Friedman. From a judgment for plaintiff, and an order denying his motion for new trial, plaintiff appeals, and defendant likewise prosecutes a cross-appeal. Reversed and remanded.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Jacob Manheim, of New York City, for plaintiff.
David L. Podell, of New York City, for defendant.

DELANY, J.   This is an appeal from a judgment rendered in favor of the plaintiff for the sum of $500 in an action brought to recover for an alleged wrongful discharge. The case was tried with a jury, and both parties hereto are appellants.

[1] The plaintiff received from the defendant on April 15, 1911, a paper as follows:

"This is to certify that we, the firm of Cohen & Friedman, have engaged Mr. Max Geringer as a practical designer of cloaks, at a weekly salary of fifty ($50) dollars, for a term of one year, beginning April 15, 1911, and terminating April 15, 1912. Mr. Geringer is to leave a deposit of $5 each week for faithful service, and at the expiration of this contract said deposit is to be paid back to Mr. Geringer, without interest. Max Geringer."

The principal question raised by the appeal of the defendant bears upon the nature and validity of this paper, viewed as a contract. At the time that it was signed by the plaintiff, a similar paper was signed by the defendant; each party retaining the one signed by the other. The court tried the case on the theory that this writing was the contract of employment. The defendant claimed that the contractual character of the writing was defective, and that there was a lack of mutuality of obligation in it, and that it did not, therefore, bind the plaintiff to perform any of its conditions; that it was, therefore, unilateral, and not binding upon the defendant. The language is not strictly formal from the standpoint of the conventional contract; but every element necessary for a bilateral agreement, where not expressed, is supplied by implication. The language is in form a certificate of a fact in the past tense, "We have engaged," etc. It was given obviously to set forth a relation reciprocally assumed by the parties hereto, and the signature of the plaintiff to the original in the possession of the defendant removes any doubt that he was to perform such services as a practical designer would be expected to render for a given term and at an expressed weekly salary. The paper provides, further, that the defendant may reserve from the salary of the plaintiff $5 weekly until the end of the term as a guaranty of the faithful service on the part of the plaintiff. The law does not require complete, explicit expression before holding a contract to be bilateral. If the language employed necessarily implies these elements, it will recognize it as a contract and enforce it according to its meaning. Grossman v. Schenker, 206 N. Y. 466, 100 N. E. 39.

[2] The judgment herein, therefore, would stand on this appeal, were it not for the considerations which are raised in the appeal taken therefrom by the plaintiff. The plaintiff entered into the service contracted for, and later was discharged; and at the time of trial the contract period had passed. The learned trial judge was requested to instruct the jury:

"That the burden of proof was on the defendant to prove the facts that he alleges in justification of the discharge."

And likewise to charge:

"That the prima facie amount of damages that the plaintiff is entitled to recover is the full amount of the wages for the unexpired term of the contract, and in this case $120 also retained."

To which the trial court replied:

"Yes; that is the prima facie amount of his damage. From that amount you must deduct the amount he might be reasonably expected to earn."

The general charge goes largely to the obligations on the part of the plaintiff to sustain the burden of proof, but there is nothing said in the general charge on the subject of the two questions which were requested. The refusal of the trial judge to instruct the jury on these points was, it seems to me, error. The verdict of the jury determined, of course, the essential facts of employment and unlawful discharge; but it was essential to the rights of the plaintiff that the jury should have been given adequate instructions on the question of the ascertainment of damages. The amount of salary which the plaintiff might have earned, had he been permitted to continue in employment under the contract, would be $1,520. The amount of the verdict was $500. It seems quite plain, either that the jury compromised by giving this amount, or that they considered the refusal of the judge to charge as requested as conceding to them the right, without any proof upon which to base a finding, to speculate on the question of the probable amount of the damage by the wrongful discharge.

Judgment reversed, and new trial granted, with costs to the plaintiff appellant to abide the event. All concur.