(88 Misc. Rep. 506)

### DIXEY v. AL. H. WOODS PRODUCTIONS CO.

(Supreme Court, Trial Term, New York County. December 17, 1914.)

MASTER AND SERVANT (§ 68*)—CONTRACTS OF EMPLOYMENT—CONSTRUCTION—DURATION OF EMPLOYMENT.

  Where, though a written contract, by which plaintiff was employed to perform services as an actor for approximately 11 weeks at a specified weekly salary in a specified production, provided that he should be paid for each and every week that he publicly performed, it further enumerated, as the occasions upon which his compensation would be withheld, times when he was prevented from playing by sickness, nonplaying nights, rehearsals, and acts of God or the public enemy, he was entitled to the specified salary for the full contract term, though the production of the specified play was discontinued after two weeks, especially where, after its discontinuance, the employer's president told plaintiff that he would be paid while he was idle rather than risk his reputation by continuing in such play, thereby showing that the employer considered itself obligated to pay plaintiff for the entire term.

  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 77; Dec. Dig. § 68.*]

Action by Henry E. Dixey against the Al. H. Woods Productions Company. On motions to set aside verdict for plaintiff, and to dismiss the complaint. Motions denied.

Samuel H. Wandell, of New York City (Wales F. Severance, of New York City, of counsel), for plaintiff.

Mayer L. Halff, of New York City, for defendant.

GAVEGAN, J.   Motions to set aside verdict in favor of plaintiff and to dismiss the complaint.   Defendant engaged plaintiff under a written contract to perform services as an actor for a period of approximately 11 weeks at a weekly salary of $500.   Plaintiff performed for 2 weeks, when, as he claims, further performance by him was prevented by defendant.   It is conceded that plaintiff was paid salary up to the time his actual services terminated.   Thereafter defendant's president informed plaintiff that defendant would be willing to pay plaintiff for the time he was idle, until a new play in which plaintiff was to be engaged should be ready.   Defendant's president, however, repudiated this assurance some 10 days later, and told plaintiff in substance that by reason of a decision of the Appellate Division of this department, rendered after the contract in suit was entered into, he did not consider the defendant liable for plaintiff's future salary.

Defendant relies on Pollock v. Shubert Theatrical Co., 146 App. Div. 628, 131 N. Y. Supp. 386, and Plymton v. Liebler, 156 App. Div. 944, 142 N. Y. Supp. 1140, to support its contention that it was liable only for services actually performed.   Pollock v. Shubert Theatrical Co. was before the court on an appeal from an order denying the defendant's motion for a judgment on the pleadings.   The contract there sued on provided in effect that the defendant would engage the plaintiff for a season to appear in musical comedies, for which he was to be paid a salary for each and every week he publicly performed.   The Appellate Division held that the defendant had not expressly obligated itself to give the plaintiff any employment, or, if it had agreed to employ him, no period of service was expressly stated, and the defendant had performed its part of the contract when it paid the plaintiff for the services actually publicly rendered.   In Plymton v. Liebler a similar state of facts was before the court on an appeal from a judgment on the pleadings also, and on the authority of the Pollock Case a judgment for the defendant on the pleadings was affirmed.

In the case at bar defendant expressly agreed to employ plaintiff to support a prominent actress in a specific production for a period of 11 weeks at a specified salary.   While the contract here sued on contains a clause, as in the Pollock and Plymton Cases, that plaintiff should be paid for each and every week that he publicly performed, said provision should be read in connection with subsequent provisions, which enumerate the particular occasions upon which his compensation would be withheld, namely, when he was prevented by sickness, nonplaying nights, rehearsals, and by the act of God or the public enemy.   In addition to this the evidence shows that defendant did in fact consider itself obligated to pay plaintiff for the entire term of the contract, when its president told plaintiff that defendant would pay him while he was idle rather than risk the high reputation enjoyed by plaintiff as an artist by continuing in the play for which he was first engaged, to the detriment of both plaintiff and defendant.   The present case, as it ap-

pears to me, is therefore distinguishable from the Pollock and Plymton Cases, the motion having been made by defendant, not for judgment on the pleadings alone, but upon the pleadings plus the proof presented, and the evidence sufficiently disclosed that the plaintiff was engaged for a specified period at a stated salary and to perform in a special production, so that any uncertainty as to defendant's obligation to give the plaintiff employment and compensation was entirely removed. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285.

I think the reasoning of Mr. Justice Cardozo in Moran v. Standard Oil Co., 211 N. Y. 187, 105 N. E. 217, where the construction of a contract similar to the one here was under consideration, is pointedly applicable:

"An intention to make so one-sided an agreement is not to be readily inferred. * * * The contract was drawn by defendant's lawyers, and was tendered to the plaintiff with the assurance, as he says, that his future for the next five years would be secure. Since the language is the defendant's, we must construe it, if its meaning is doubtful, most favorably to the plaintiff. We must also give its words the meaning which the defendant ought reasonably to have understood that the plaintiff would put upon them. * * * When these canons of construction are remembered and applied, we must conclude that the plaintiff believed, and had the right to believe, that the period of five years was to be the term of employment as well as the term, of service. * * * Note, also, that the writing in its opening words is described as an agreement, and that the engagements of each party are couched in terms of agreement, and not merely of promise. The plaintiff 'agrees' to serve for five years. The defendant 'agrees' to pay him at certain rates. The very word 'agreement' connotes a mutual obligation. * * * There may be a 'promise' to serve without a promise to employ, but there can be no 'agreement' for service without mutuality of rights and duties. * * * If the defendant meant the plaintiff to understand that it had a right to discharge him at pleasure, it could easily have said so in words too clear for misconstruction. We think it did not say so, but, by implication, said the contrary. The law governing this subject was stated recently and with admirable lucidity by Vann, J., writing for this court, in Grossman v. Schenker, 206 N. Y. 466 [100 N. E. 39]. That case, and others illustrating the same principle, justify the conclusion that the plaintiff's obligation to serve and the defendant's to employ were correlative and equal."

Motions to set aside verdict and dismiss the complaint are denied.