ALEX COHN, Trading as THE COHN COMPANY, Respondent, *v.* BARNETT LEVINE and VICTOR EHRENPREIS, Individually and as Copartners, Trading as LEVINE & EHRENPREIS, Appellants.

First Department, December 20, 1918.

**Contracts — unilateral contract not under seal — implied promise insufficient to create mutuality — action for breach of contract — pleading — allegations as to due performance by plaintiff.**

A contract, not under seal, consisting merely of an offer on the part of the defendants to furnish samples to the plaintiff for goods to be sold by him to his customers and to be delivered to them when procured, without any agreement on the part of the plaintiff either to take goods from the defendants or to endeavor to bring to them plaintiff's customers or other

customers, is unilateral and not mutually binding, and is not subject to any interpretation which would warrant the court in implying promises sufficient to create mutuality.

While section 533 of the Code of Civil Procedure authorizes a general allegation of due performance by plaintiff of the conditions precedent to a right to recover on certain contracts without stating all of the facts constituting performance, still a complaint in an action for the breach of a unilateral contract not under seal which sets forth no facts which show that plaintiff had done anything under the contract which called for action upon the part of the defendants or imposed any duty or obligation upon them under the contract, fails to state a cause of action.

APPEAL by the defendants, Barnett Levine and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of July, 1918, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and the demurrer thereto.

*Francis D. Gallatin* of counsel [*Abraham Lipton*, attorney], for the appellants.

*Jacob Zelenko*, for the respondent.

DOWLING, J.:

This is an appeal from an order granting plaintiff's motion for judgment on the pleadings, consisting of the complaint and a demurrer thereto, which demurrer set forth that the complaint did not state facts sufficient to constitute a cause of action.

The complaint alleges that on or about the 6th day of August, 1917, the plaintiff and defendants entered into an agreement in writing which was thereafter renewed on January 2, 1918, to continue until December 31, 1918. The contract in substance was that the defendants would furnish to the plaintiff certain samples of ladies' and misses' coats and suits identical with those furnished to salesmen for the defendants in order that plaintiff might take orders therefor, and that upon the sale of such coats and suits by plaintiff to its customers the plaintiff would be entitled to the difference between the cost price to be stipulated and the price at which the plaintiff and his customers should agree as the sales price. Bills of all merchandise manufactured and shipped were to contain a statement that payment was to be made at the place of business of the defendants at 142 West Twenty-fourth

street, New York city, and all checks for said merchandise which came in for the Cohn Company were to be turned over to the defendants. The agreement then contained the following provision: " Upon the receipt of any and all checks as aforesaid, the parties of the second part shall pay to the party of the first part the difference between the amount which the customer was charged for the goods and the amount which it was mutually agreed and determined that the party of the first part should be charged therefor."

The agreement also contained a stipulation that the defendants should not directly or indirectly " drum " customers of the plaintiff, and that if any goods should be sold by defendants to any of said customers the same should be sold in the name of the plaintiff, and that the plaintiff should receive the difference between the price at which the goods were to be sold to such customers and the price determined upon as the basis of allowance for cost of material and labor and for profit, the same as though the order had been given in the first instance to the plaintiff. A copy of the agreement in question is annexed to the complaint.

The complaint further set forth that the plaintiff entered upon the performance of the terms of the agreement and duly performed the same. It then alleges that the defendants, " without just cause prevented plaintiff from fulfilling the terms and conditions of said contract," in that defendants dispossessed plaintiff from space occupied in defendants' place of business and refused to deliver any of the merchandise to be delivered to the customers of the plaintiff, as set forth in the agreement and wrongfully and unlawfully " converted checks for merchandise sent by customers to plaintiff at the address of the defendants in payment of bills for merchandise manufactured and shipped by defendants to plaintiff's said customers which were sent by said customers to No. 142 West 24th Street, Borough of Manhattan, City of New York, to the order of the plaintiff; " and that defendants secretly solicited trade or " drummed " the customers of plaintiff, and did not charge same to plaintiff, nor bill same in plaintiff's name; all to the plaintiff's damage in the sum of $4,000.

It is apparent that the contract was unilateral and consisted merely of an offer on the part of the defendants to

furnish samples to the plaintiff for goods to be sold by him to his customers and to be delivered to them when procured. There is no agreement of any kind on the part of the plaintiff, either to take goods from the defendants or to endeavor to bring to the defendants plaintiff's customers or other customers. The agreement is not under seal, and is not mutually binding. The general rule in respect to such contracts is laid down in *Grossman* v. *Schenker* (206 N. Y. 466) as follows: "The general rule is that a promise, not under seal, made by one party with none by the other is void, for unless both are bound so that either can sue the other for a breach, neither is bound."

While in certain special contracts courts have implied promises sufficient to create mutuality, the contract in the present case is not subject to any interpretation which would warrant the court in implying that the plaintiff in any way agreed to take any particular amount of merchandise or to endeavor to sell or sell any of the designs of the defendants. Plaintiff did not even agree to pay anything to defendants for they were to receive all the checks and pay the difference between cost and selling price to plaintiff.

The learned trial justice in the case at bar seems to have laid stress on the allegation in the complaint that the agreement had been performed on the part of the plaintiff. While the Code authorizes a general allegation of due performance by plaintiff of the conditions precedent to a right of recovery on certain contracts without stating all of the facts constituting performance (Code Civ. Proc. § 533), still the complaint in the case at bar sets forth no facts which show that plaintiff had done anything under the contract which called for action upon the part of defendants or imposed any duty or obligation upon them under the contract.

The complaint wholly fails to state that the plaintiff obtained any customers whatever for defendants' goods, or ever notified defendants of its alleged orders.

The learned court at Special Term upheld the complaint upon the ground that it set forth a cause of action in conversion, but plaintiff admits upon this appeal that it sets forth no such cause of action, nor could such a contention be successfully urged inasmuch as under the contract defendants were expressly given the right to receive all checks for

merchandise which came in for plaintiff, and were only bound to turn over to plaintiff the difference between the amount of such checks and the cost price of the goods agreed to be charged against plaintiff by defendants. There are no facts alleged from which it appears that plaintiff is even entitled to an accounting from defendants.

The order appealed from will be reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings denied, with ten dollars costs. The demurrer is sustained, with leave to plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and demurrer sustained, with leave to plaintiff to amend complaint on payment of costs.