■ MAR-BOND BEVERAGE CORPORATION, Respondent-Appellant, v. DUBLIN DISTRIBUTORS, INC., et al., Appellants-Respondents.— In an action to recover damages for breach of contract (1st cause of action) and for fraud (2d cause of action), the defendants appeal from so much of an order as denied their motion, made pursuant to subdivision 4 of rule 106 of Rules of Civil Practice, to dismiss the second cause of action set forth in the amended complaint, and plaintiff appeals from so much of said order as granted defendants' said motion to dismiss the first cause of action set forth in the amended complaint. Order modified by striking therefrom the ordering paragraph and by substituting therefor the words " Ordered, that the motion to dismiss the first and second causes of action set forth in the amended complaint be and the same hereby is denied ". As so modified, order affirmed, with one bill of $10 costs and disbursements to respondent-appellant. Appellants-respondents, if they be so advised, may serve their answers within 10 days after the entry of the order hereon. It was properly held, at the Special Term, that the facts, pleaded in the second cause of action, were sufficient to constitute a cause of action for fraud. The contract, alleged in the first cause of action, was binding and enforcible. The agreement of respondent-appellant, hereinafter referred to as plaintiff, to purchase of appellants-respondents, hereinafter referred to as defendants, the product "solely from the Corporate defendant" and to build up a demand for the product, was sufficient consideration for defendants' agreement to supply to plaintiff any quantity ordered at prevailing wholesale prices. There was no lack of mutuality in the alleged agreement (*New York Cent. Iron Works Co.* v. *United States Radiator Co.,* 174 N. Y. 331; *Fuller & Co.* v. *Schrenk,* 58 App. Div. 222, affd. 171 N. Y. 671; *Ehrenworth* v. *Stuhmer & Co.,* 229 N. Y. 210; *Moran* v. *Standard Oil Co.,* 211 N. Y. 187). Furthermore, plaintiff alleged that, for 45 months prior to cancellation of the contract by defendants, it sold defendants' product and built up a demand therefor. Such performance, on plaintiff's part, would

render the contract binding and enforcible, even if it had lacked mutuality at its inception (*Grossman* v. *Schenker,* 206 N. Y. 466). The alleged contract was not unenforcible by virtue of the provisions of the Statute of Frauds (Personal Property Law, § 31, subd. 1), which provides that oral contracts, not to be performed within a year, are unenforcible. It was pleaded that defendants' obligation under the contract was to endure as long as defendants continued to receive their product from their source of supply. The contract did not contravene the provisions of the Statute of Frauds because it was possible that defendants' source of supply might cease to exist within a year. If there is a possibility of complete performance of a contract, by its terms, within a year, the Statute of Frauds does not apply (*Martocci* v. *Greater New York Brewery,* 301 N. Y. 57; *Lenz* v. *World Wide Automobiles Corp.,* 9 Misc 2d 32, affd. 5 A D 2d 1051). Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.