Samuel N. Gold, J.
This is a motion by defendants for summary judgment dismissing the complaint. The complaint seeks a declaratory judgment that the agreement between the parties dated February 7, 1952 is void for lack of mutuality. There are three kinds of mutuality: Mutuality of assent; *223 mutuality of obligation; and mutuality of remedy. The lack of mutuality claimed by plaintiff is mutuality of obligation. Plaintiff urges that it was bound to sell but that the joint venture, composed of defendants and itself, was under no obligation to buy. .
It is well settled that mutuality of obligation is unnecessary to make out a valid contract if there is independent consideration for the other party’s promise or promises (Grossman v. Schenker, 206 N. Y. 466, 468; Jacobus Transp. Co. v. Gallagher Bros. Sand & Gravel Corp., 161 F. Supp. 507, 510; 1 Williston, Contracts [rev. ed.], § 104A where the statement is made that lack of mutuality of obligation really means lack of consideration). For example, if one party to a contract pays money or something else of value for the promise of the other party, as in the case of an option, there is a valid contract and lack of mutuality of obligation is no defense (see 1 Corbin, Contracts, § 155). In the case before this court, the joint venture to which plaintiff agreed to sell is composed of three parties, “ Loewy,” “ Block ” and plaintiff itself. Although some of the obligations of “ Loewy ” would be meaningless if the joint venture placed no orders with plaintiff, other obligations assumed by ‘ ‘ Loewy ’ ’ exist even if the venture buys nothing from plaintiff. Thus, “ Loewy” agrees to visit factories and prospective customers and to contribute designs, shapes and layout ideas, and to refrain from engaging in the same or similar work or rendering other specified services relating to the entire field of ceramics. It also consents to the use of its name in connection with products designed by it. The obligations and consent of ‘ ‘ Loewy ’ ’ are stated to be in consideration not merely of its right to participate in the license granted to the venture, but also in consideration “ of the license granted to ” the venture. The consideration furnished by “Loewy” is sufficient to make binding plaintiff’s obligations under the agreement, for it is unnecessary, to create a valid contract, that all the other parties give consideration for the promise of the remaining party.
“Block” also assumed various obligations which existed irrespective of whether the venture bought any of plaintiff’s products. Among these are “Block’s” obligation to supply ‘ ‘ its present facilities of showroom, its distributing organization, its customer list, its present running business with respect to Rosenthal (plaintiff’s) sales, and the good will attached to the said business, its overall guidance and knowledge of the American China market ’ ’, and responsibility for the selling and distributing campaign which the parties were to set up, and for which $25,000 is stated to have been ‘ ‘ already ’ ’ *224 “committed”. “Block” also covenanted not to compete directly with the business of the venture. Although “ Block’s ” covenants are not stated to be in consideration of plaintiff’s agreement to sell to the venture and may, as plaintiff claims, have been intended for the benefit of the other parties to the venture, the fact that plaintiff itself was also a party to the venture may not be disregarded, and it is immaterial whether plaintiff’s consideration for its agreement to sell went to it as licensor or as a member of the joint venture provided for in the same agreement which provided for plaintiff’s license to the venture. In either event, plaintiff was receiving consideration from “Block” for the obligations assumed by plaintiff under the agreement. In Williston, Contracts ([rev. ed.], vol. 4, pp. 2862 — 2863), it is stated that: “the very terms of the agreement not to handle competing products within the territory imply that for some time at least the dealer will thus refrain; this ivould seem in itself to provide sufficient consideration to avoid the defense of want of mutuality” (italics supplied). In Strobe v. Netherland Co. (245 App. Div. 573), cited by plaintiff, the court pointed out that although the defendant did not covenant to make any sales whatever, this did not invalidate the agreement for lack of mutuality, because the defendant assumed at least two obligations. The court said that even though said two obligations might be of a minor character, the law does not weigh the content of the consideration furnished by one party to a contract for the promise of the other. It was only because plaintiff was obligated for a definite period whereas the defendant could terminate the agreement at any time that the court held that the agreement was not binding because only one party was bound to perform.
The court accordingly holds that in the agreement involved in the instant case there was valid consideration for plaintiff’s promises and that the alleged lack of mutuality does not invalidate the agreement. • It is, in the circumstances, unnecessary to decide whether a promise by the joint venture to use its best efforts to sell plaintiff’s products and buy from plaintiff sufficient of such products to fill the orders received by the venture is fairly to be implied (see Wood v. Duff-Gordon, 222 N. Y. 88). It is also unnecessary to consider defendants’ other contentions. The motion is granted and the agreement claimed in the complaint to be invalid is declared to be binding and enforcible.