ROBERT J. SCOTT, Plaintiff, *v.* MOTOR LODGE PROPERTIES, INC., Defendant.

County Court, Monroe County, April 11, 1962.

*Gano, Solomon & Ashworth* for defendant. *Keenan, Carroll, Harris, Creary & Beck* (*George F. Harris* of counsel), for plaintiff.

JOHN P. LOMENZO, J. The defendant moves this court for an order dismissing the complaint herein on the ground that said complaint does not state facts sufficient to constitute a cause of action pursuant to rule 112 of the Rules of Civil Practice.

The complaint alleges that the parties entered into a written agreement wherein plaintiff agreed to furnish defendant, at no cost, a quantity of personalized telephone directory covers, containing advertisements therein, to be placed in the guest rooms of a motor lodge owned and operated by the defendant.

The brief alleged written agreement is as follows:

" COVER SERVICE AGREEMENT

" It is agreed that R. J. Scott & Associates of Rochester, N. Y. may place 120 telephone directory covers in our place of business for a period of 36 months from the date of this agreement.

" That such a cover service shall continue until written notice is received as to the cancellation of such service after the 36 month period. All reproduction rights reserved to R. J. Scott & Associates.

" The entire cost for this service shall be paid for from the sale of advertising space displayed on or attached to the telephone directory cover. All such sales to be made by R. J. Scott & Associates.

" Said covers to be displayed in all guest rooms for patrons use, with the exercise of proper caution to preserve their use. Title and right to possession of the covers is to remain with the publishers, R. J. Scott & Associates of Rochester, N. Y.

Date   10/16/61

Signature   Carl Hansen<br>Title   Gen'l. Manager

Motel Howard Johnson's
   Motor Lodge, W. Henrietta Rd.
   Rochester, N. Y."

Thereafter plaintiff secured business concerns to place advertising space in said covers and caused such covers to be manufactured and printed and tendered delivery of the same to defendant which refused to accept them. Plaintiff sues to recover damages for breach of contract.

Defendant contends that the aforesaid " cover service agreement " is void since it lacks mutuality of obligation and consideration.

Defendant construes the subject agreement to mean that plaintiff is not under any obligation in the first place to furnish the subject covers to defendant and relies upon the words of the agreement, " It is agreed that R. J. Scott & Associates * * * may place " such covers at the establishment of defendant; and that there is a failure of consideration since title and possession to the subject covers was to remain with the publisher.

The subject agreement constitutes a unilateral contract, and while it is true that plaintiff had no obligation in the first instance to furnish the subject covers, once it did perform, as allegedly it did by producing, printing and offering to deliver the same to the defendant, the offer to place ripened by such performance into a promise and the contract came into existence.

" A unilateral contract * * * usually creates no obligation at its inception. It is merely a promise to do something in the future provided the promisee performs some specified act either within a stipulated period, or, in the absence of any precise specification in this regard, within a reasonable time. No enforcible obligation will be imposed upon the promisor unless the specified act is thus performed, but if performed, the contract matures, and the original promise is capable of enforcement." (*Matter of Lord,* 175 Misc. 921, 923–924; *Grossman* v. *Schenker,* 206 N. Y. 466.)

" Where a promise to pay money or to do some other act is made on condition that the promisee perform a certain act or acts, and the promisee is under no obligation in the first instance to perform such conditions, this, though not a binding contract for want of consideration or mutuality of obligation, is a continuing offer for a reasonable time or until revoked, and the performance of the conditions by the promisee will constitute an acceptance of the offer and furnish the necessary consideration to render the promise enforceable." (Clark, New York Law of Contracts, § 321.)

Defendant contends further a lack of mutuality in that the plaintiff, under the terms of the contract, can remove the subject covers at will. The agreement is contrary to this conclusion, since title and possession are subject to the placement of the covers at the premises of the defendant for a definite period of 36 months from the date of the agreement. Other grounds cited by the defendant herein are without merit on the motion to dismiss.

The motion is denied, with $10 costs.