■ ELLA FREIDUS, Appellant, v TODEM HOMES, INC., et al., Respondents. — In an action to remove a cloud on title to real property pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated October 19, 1979, which denied plaintiff's motion for summary judgment and granted the

application of defendant Todem Homes, Inc., for leave to serve an amended answer. Order reversed, on the law, with $50 costs and disbursements to defendant Todem Homes, Inc., defendant Todem is awarded summary judgment, and it is determined that Todem Homes, Inc., has the right to specific performance of the option agreement dated June 10, 1969. The counterclaim of Todem Homes, Inc., is hereby severed and the action is remitted to the Supreme Court, Suffolk County (1) for: (a) the appointment of a Referee; (b) the fixation of a new closing date; (c) the recalculation of the amounts to be paid by Todem to the plaintiff for taxes at the allocated rate of 24.58% of the taxes on the entire property for the period of June 10, 1969 to the date of the closing; (d) a determination of the amount of interest due plaintiff accrued at the rate of 1½% above the prime interest rate on October 12, 1976 on the amount of taxes allocated at the rate of 24.58% of the taxes on the entire property for the period of June 10, 1969 to October 12, 1976; (e) reinstatement of paragraphs F and G of the third decretal paragraph of the order dated September 8, 1976; and (f) the fixation of other necessary conditions as originally provided in the order of the Supreme Court, Suffolk County, dated October 12, 1976, which incorporated the provisions of the order of September 8, 1976, and (2) for a trial on Todem's counterclaim for damages. Todem's application for leave to serve an amended answer is dismissed as academic in light of the above determination. Plaintiff seeks summary judgment, removing a cloud on her title to the subject property by reason of prior court orders directing her to convey title to defendant Todem, which orders were entered in another action brought by defendant Todem seeking specific performance of an option agreement to repurchase said property. The record reveals that the facts material to a determination of plaintiff's motion for summary judgment are not in dispute. Plaintiff claims that the document submitted by defendant Todem on the October 14, 1976 closing did not comply with Special Term's direction to "Furnish * * * a document or documents evidencing title insured access in perpetuity * * * over Dock Hollow Road, free of all maintenance charges", originally contained in its order of September 8, 1976 and incorporated by reference into its order of October 12, 1976. The record on the prior appeal herein *(Todem Homes v Freidus,* 61 AD2d 893) from the order of October 12, 1976, in defendant Todem's specific performance suit, discloses that the same documents submitted by Todem on October 14, 1976 had also been submitted by it on the prior aborted closing of September 21, 1976. On said prior appeal, the submission of these documents was necessarily adjudicated to have constituted satisfactory compliance with Special Term's direction. Plaintiff is therefore collaterally estopped from relitigating Todem's compliance at the October 14 closing with Special Term's *direction.* Plaintiff's refusal to cure her default of the order, dated September 8, 1976 or cosign the Sheriff's deed on the October 14, 1976 closing, aborted by reason of her unwarranted objections to the above-mentioned easement documents, estops her from complaining of Todem's refusal to accept a deed signed only by the Sheriff, where (1) the title company would not fully insure title to the property because of plaintiff's continuing objections and contemplated appeal, and (2) Todem's proposed mortgagee declined to proffer the promised funds because of the absence of insured title. Furthermore, as necessarily adjudicated on the prior appeal, it was plaintiff, not defendant Todem, who failed to comply with Special Term's orders. Plaintiff's contention that defendant Todem has abandoned the relief granted in the specific performance action by failing to move for another order to close title is without merit. Plaintiff's appeal of the order dated October 12, 1976 and this pending article 15 action demon-

strates that the ensuing delay was not unexcusable nor unreasonable, a requirement necessary to finding abandonment. Pursuant to CPLR 3212 (subd [b]), this court has the authority to search the record and grant summary judgment on appeal to the nonmovant (Wiseman v Knaus, 24 AD2d 869). Clearly, defendant Todem is entitled to summary judgment in its favor and we so direct. Hopkins, J.P., Titone, Mangano and Gibbons, JJ., concur.