■ ROBERT FERGUSON, Appellant, v DOUGLAS E. FERGUSON, Respondent. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered November 23, 1982 in Warren County, which denied plaintiff's motion for partial summary judgment. The parties are estranged brothers who own adjoining parcels on Oahu Island in Lake George. On plaintiff's parcel is a dock which, pursuant to an agreement dated November 12, 1976, defendant, his family and certain specified others may use. Plaintiff commenced this declaratory judgment action to determine the rights of the parties under the agreement and, specifically, to have the agreement declared void for lack of

mutuality of obligation. Defendant answered, asserting 10 affirmative defenses and four counterclaims. Thereafter, plaintiff moved for, *inter alia,* partial summary judgment declaring the contract void and defendant cross-moved for partial summary judgment dismissing plaintiff's complaint and declaring the agreement to have created an easement. Special Term, without opinion, denied plaintiff's motion for partial summary judgment and this appeal ensued. Plaintiff's claim that the agreement is illusory and void for lack of mutuality of obligation because defendant can terminate the contract at will and plaintiff has no such right is without merit. Even if, as plaintiff claims, mutuality of obligation was lacking, the parties operated under the contract for some five years prior to the commencement of this lawsuit. The absence of mutuality of obligation "may be remedied by the subsequent conduct of the parties" (21 NY Jur 2d, Contracts, § 11, pp 423-424; see *Mar-Bond Beverage Corp. v Dublin Distrs.,* 9 AD2d 951, 951-952). Furthermore, pursuant to the agreement, defendant has paid one half of the maintenance expenses for the dock and, thus, has supplied independent consideration, which will compensate for a lack of mutuality of obligation (see, e.g., *Rosenthal-Prozellan AG. v Steelmasters, Inc.,* 29 Misc 2d 222, 223). Accordingly, the agreement is not void and unenforceable for lack of mutuality of obligation and Special Term properly denied plaintiff's motion for partial summary judgment. Defendant argues that the agreement unambiguously creates an easement and, thus, he should be granted summary judgment dismissing plaintiff's complaint. Although we have authority to search the record and grant summary judgment in favor of the party against whom it was sought (see CPLR 3212, subd [b]; *Freidus v Todem Homes,* 80 AD2d 575, 576, affd 56 NY2d 526; but cf. *Hecht v City of New York,* 60 NY2d 57), the intent of the parties herein as to whether an easement was created and, if so, the scope of such easement is not evident from the face of the agreement of November 12, 1976 or from the accompanying documents in the record. This prevents the agreement from being interpreted as a matter of law (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). Consequently, interpretation of the agreement and resolution of any other issues of fact raised by defendant's affirmative defenses would be improper at this stage of the proceedings and should await further development of the facts. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.