■ MARK A. MORRIS, Individually and on Behalf of a Corporation to be Formed, et al., Appellants, v HARRY COOPER et al., Respondents. (Appeal No. 1.)—Order unanimously modi-

fied, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In this contract action, plaintiffs appeal from that portion of an order which dismissed their first, third and fifth causes of action. On February 27, 1982 plaintiff Morris entered into an agreement with defendants Cooper and Brown to acquire certain "assets of the business" of the Abbey Nursing Home. Morris signed the agreement "as agent for a corporation to be formed and not individually". The sale was conditioned on the buyer's obtaining the requisite permits and government authorization and on an agreement among the buyer, sellers and owners of the real property concerning assumption of the lease. Morris paid a $1,000 deposit which was held in escrow. Morris encountered difficulties fulfilling the contingencies and on June 21, 1984, Cooper and Brown entered into an agreement with defendant Kenmore Mercy Hospital for the sale of the business and physical assets of the nursing home. Plaintiffs subsequently commenced the instant action against defendants Cooper and Brown for breach of contract and against Kenmore Mercy for tortious interference with the contract. Plaintiffs seek to enjoin the projected sale from Cooper and Brown to Kenmore Mercy.

We reject defendants' contention that because Morris signed the agreement "as agent for a corporation to be formed and *not individually*" (emphasis added), plaintiffs are barred from suing on the agreement because it is unenforceable. Mutuality of obligation is unnecessary when the promisor supplies valid consideration *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Ferguson v Ferguson,* 97 AD2d 891). Here, Morris made a deposit of $1,000 and expended time, effort and money in attempting to satisfy the contingencies in the contract. This constitutes sufficient consideration. Plaintiffs' first, third and fifth causes of action are, therefore, reinstated. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—summary judgment.) Present—Hancock, Jr., J. P., Denman, Green and O'Donnell, JJ.