■ MANHATTAN & QUEENS FUEL CORP., Respondent, v VILLAGE OF ROCKVILLE CENTRE, Appellant.—In an action, *inter alia,* to recover payments for gross receipts taxes allegedly due under Tax Law article 13-a, in accordance with a contract for the sale of petroleum products to the defendant Village of Rockville Centre, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered December 26, 1984, as granted the plaintiff's motion for summary judgment to the extent of awarding partial summary judgment on its first cause of action and, thereupon, is in favor of the plaintiff and against it in the principal sum of $1,858.24.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment is denied in its entirety, and, upon searching the record, summary judgment is granted to the defendant dismissing the complaint.

In early 1983, the defendant village solicitated bids for the sale of approximately 100,000 gallons of fuel oil for use in village-owned buildings. The plaintiff, an oil company, submitted a bid in response to the solicitation, which was accepted by the defendant and approved on May 16, 1983. The parties agreed that the plaintiff would supply fuel oil for the period June 1, 1983, through May 31, 1984. At the time of execution of the contract, the plaintiff was exempt from payment of the gross receipts tax on the sale of petroleum products since it was a company principally engaged in selling fuel oil used for residential purposes (Tax Law § 182-a [2] [a], as amended by L 1981, ch 482, § 1; L 1981, ch 1043, § 57). In view of this exemption, the contract between the parties did not provide for any pass along of the tax to the defendant village.

Thereafter, a new consolidated gross receipts tax, Tax Law article 13-A was enacted, effective July 1, 1983 (Tax Law § 300 *et seq.,* as added by L 1983, ch 400, § 8). Under Tax Law article 13-A, insofar as is relevant herein, previously exempt petroleum businesses became directly subject to the tax, notwithstanding their status as oil companies primarily engaged in the sale of fuel for residential purposes (Tax Law § 300 [c];

§ 301 [a]), but were allowed to pass along the tax to their customers *(Manhattan & Queens Fuel Corp. v County of Nassau,* 113 AD2d 595, *affd* 68 NY2d 833 *on opn at App Div).* Thereafter, the plaintiff attempted to pass along this tax to the defendant by billing the defendant for this tax as a separate line item on each invoice for all deliveries of fuel oil to the defendant subsequent to July 1, 1983. The defendant refused to pay the applicable tax.

The plaintiff instituted the instant action in March 1984 seeking, *inter alia,* to recover from the defendant the gross receipt taxes due on the oil that it had delivered. In its answer, the defendant alleged, *inter alia,* as an affirmative defense, that the plaintiff was bound by the contract terms and could not modify the contract by adding a charge for the gross receipts tax.

After joinder of issue, the plaintiff moved for summary judgment. Special Term granted partial summary judgment in favor of the plaintiff in the principal sum of $1,858.24.

We reverse the order and judgment, insofar as appealed from, and grant summary judgment to the defendant dismissing the complaint.

It is undisputed that the contract executed by the parties herein did not provide that the gross receipts tax, which was imposed directly upon the plaintiff oil company as of July 1, 1983, could be passed on to the defendant village. Absent such a provision, the gross receipts tax could not be added by the plaintiff to the price of the oil set by the existing contract (1981 Opns St Comp No. 81-316); rather, this tax had to be borne by the plaintiff oil company upon which it was directly imposed.

Accordingly, the order and judgment must be reversed, insofar as appealed from, the plaintiff's motion for summary judgment denied in its entirety, and summary judgment dismissing the complaint granted to the defendant *(see,* CPLR 3212 [b]; *Freidus v Todem Homes,* 80 AD2d 575). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.