■ Burnside Coal & Oil Co., Inc., Respondent, v City of New York, Appellant.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered October 9, 1986, which granted plaintiff's motion for summary judgment, dismissed defendant New York City's counterclaims, denied defendant's cross motion for summary judgment and directed the clerk to enter judgment in favor of plaintiff for the sum of $605,000, plus interest, is unanimously reversed, on the law, plaintiff's motion for summary judgment denied and defendant's cross motion for summary judgment dismissing the complaint granted, without costs.

In April of 1983, the Department of General Services of the City of New York (hereinafter DGS) solicited bids for contracts to supply fuel oil to the city for the period July 1, 1983 through June 30, 1984. Regarding taxes, the contract specifications provided that "[t]he City is exempt from sales and federal excise taxes. The [contract] price is to be net, exclusive of these taxes * * * In addition, Bid prices must include the N.Y. State Gross Receipts Tax, if applicable, but must not be shown as a seperate [sic] line item. Vendor must also indicate whether or not the Gross Receipts Tax has been included in the bid price."

On or about May 12, 1983, plaintiff Burnside Coal & Oil Co., Inc. (hereinafter Burnside) submitted a bid and indicated in a box provided on the contract form that it had included the New York State gross receipts tax in its bid. At the time the bid was submitted, however, the gross receipts tax was not applicable to Burnside. Even though Burnside had checked the box indicating that it had included the tax, that appears to have been an inadvertent error, as the tax was not then applicable to Burnside and the bid price, in actuality, did not include the tax. This error is not a matter of dispute between the parties.

After opening and considering the bids, DGS sent Burnside, as the lowest responsible bidder, a letter of intent to award a fuel oil contract. A letter of intent was also sent to another bidder, Public Fuel, to cover other items. On July 6, 1983, the city formally awarded the contracts to Burnside and Public Fuel. On July 1, 1983, Public Fuel assigned its contract rights to Burnside.

On June 26, 1983, the New York State Legislature enacted a new consolidated gross receipts tax law (Tax Law § 300 *et*

*seq.,* L 1983, ch 400, § 8), effective June 30, 1983. Under the new tax law, fuel sales by companies such as Burnside and Public Fuel, which were previously exempt from paying the tax, and sales to municipalities were now subject to the tax. *(See, Manhattan & Queens Fuel Corp. v County of Nassau,* 68 NY2d 833, *affg on opn below* 113 AD2d 595.) June 26, 1983 was also the date on which the 45-day binding period of the bids expired. Therefore, Burnside and Public Fuel could have withdrawn their bids between the period June 26, 1983 to July 6, 1983, which was when the contracts were finally awarded. Neither bidder exercised that option.

Despite the contract's specification that the gross receipts tax could not be billed as a separate line item, Burnside did bill the city for the tax, listing it as a separate line item in its sales invoices to the city. The city refused payment of the tax. Plaintiff thereafter instituted the within action seeking in excess of $600,000 as the gross receipts tax applicable to the two contracts. Both parties moved for summary judgment. The court granted plaintiff's motion based on the court's interpretation of the contract as allowing "amendment of the price to include the newly applicable Gross Receipts Tax."

The issue at hand is not whether the tax applies to plaintiff or whether an oil company can pass the tax on to a municipal customer, for clearly the answer to both these questions is yes. Rather, the question we must determine is whether under the terms of these contracts plaintiff may pass the tax along to the city. The answer to that is no. The bidding specifications were clear in requiring that any gross receipts tax liability was to be subsumed within the bid itself as a cost of doing business and that the tax could not be billed later on as a separate line item. Thus, the contract was clear in specifying that the tax could not be passed on to the defendant, unless it was included in the bid price of the lowest responsible bidder.

While plaintiff was exempt from the tax when it submitted its bid and, accordingly, did not incorporate the tax liability in its over-all price bid, it had the opportunity to withdraw its bid after the law became effective. Not only did it not do so, but on the day the new tax law became effective, July 1, 1983, it accepted assignment of another fuel contract with the city. There is nothing in the new law which requires the oil company to pass on the tax to the consumer. The tax is directed at the oil company in return for the privilege of doing business in this State. As opposed to the statute, it is the contract terms which will dictate who shall ultimately bear the burden. Not having included the tax when it placed its

bid, because it was then inapplicable, and not having exercised its option to withdraw its bid after the tax did become applicable, plaintiff may not unilaterally modify the contract terms at the defendant's expense. *(Manhattan & Queens Fuel Corp. v Village of Rockville Centre,* 126 AD2d 523, 524.)

As the contract terms are clear in specifying how the gross receipts tax was to be incorporated in the bid and in specifying that the tax may not be passed on to the city as a separate item, defendant city has submitted sufficient proof to establish, as a matter of law, that judgment should be entered in its favor, and we so direct. *(See,* CPLR 3212 [b].) Concur— Sandler, J. P., Carro, Milonas, Wallach and Smith, JJ. *[See,* 131 Misc 2d 149.]